2020 IL App (2d) 190741-U
No. 2-19-0741
Order filed June 8, 2020

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

_____

| | | |
|---|---|---|
| CHRISTOPHER STOLLER, | ) ) | Appeal from the Circuit Court of Du Page County. |
| Plaintiff-Appellant, | ) ) | |
| v. | ) ) | No. 17-L-1177 |
| JAMS, ALLEN S. GOLDBERG, HIROTO SAIKAWA, CEO, Nissan Motor Corp., Ltd., CARLOS GHOSN, NISSAN NORTH AMERICA, INC., NOBAO ARAKI, President, Nissan Infiniti, Ltd., ROLAND KRUEGER, President, Highland Park Motor Cars, Inc., MUELLER NISSAN, MICHAEL MUELLER, CEO, Mueller Auto Group, MARK MUELLER, President, RAFAL CHUDOBA, NISSAN MOTOR ACCEPTANCE CORP., MARK KACZYNSKI, President, SWANSON MARTIN & BELL, LTD., VIRGINIA TERLEP, Special Administrator of the Estate of Bruce Terlep, ROBERT MCNAMARA, ROSS BARTOLOTTA, CHRISTIAN A. SULLIVAN, BURKE, WARREN, MACKAY & SERRITELLA, P.C., IRA LEVIN, KENT BOWERSOCK, MICHAEL MCCANTS, JEFFERY HARRIS, BIANCA ROBERTS, IRMA GUITERREZ, Agents, Assigns, Attorneys and John Does 1-10, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants | ) ) | |

| (Virginia Terlep, Special Administrator of the Estate of Bruce Terlep, Defendant-Appellee). | ) ) ) | Honorable David E. Schwartz, Judge, Presiding. |

JUSTICE HUTCHINSON delivered the judgment of the court.
Presiding Justice Birkett and Justice Schostok concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The trial court did not abuse its discretion in the dismissing complaint under Illinois Supreme Court Rule 103(b) for plaintiff's failure to exercise reasonable diligence in obtaining service on defendant, as plaintiff served defendant 19 months after filing the complaint.

¶ 2    This dispute arose from plaintiff, Christopher Stoller, entering into an agreement to lease a 2015 Nissan Sentra. Plaintiff claimed that he was denied a lease financing offer that was advertised, and the matter proceeded to arbitration. Bruce Terlep represented defendant Nissan Motor Acceptance Corporation and its chief executive officer. Bruce died on May 5, 2017, and his widow, defendant Virginia Terlep, was named special administrator of the estate.

¶ 3    Plaintiff filed this action against the estate. Pursuant to Illinois Supreme Court Rule 103(b) (eff. July 1, 2007), the trial court dismissed, with prejudice, plaintiff's claims against Virginia, as special administrator, because plaintiff had failed to exercise reasonable diligence in obtaining service on Virginia after the expiration of the applicable statute of limitations. Plaintiff appeals, and we affirm.

¶ 4                                   I. BACKGROUND

¶ 5    On October 24, 2017, plaintiff filed a "Complaint to Vacate Arbitration Award and for Declaratory Judgment Against the Defendants," naming dozens of defendants, including Bruce's estate. The complaint included Virginia's address.

¶ 6    On December 8, 2017, plaintiff filed an "Amended Complaint to Vacate Arbitration Award and for Declaratory Judgment Against the Defendants," and again included Virginia's address.

Count I sought to vacate an arbitration award. Count II alleged negligent hiring and supervision as to "JAMS." Count III alleged aiding, abetting, and conspiracy. Count IV alleged elder abuse and neglect.

¶ 7     The first summons was issued on October 24, 2017, and Virginia was not included on the service list. The second summons was issued on June 6, 2018, and Virginia was again not included on the service list. The third summons was issued on September 4, 2018, and, for the first time, Virginia's name was included on the service list. The fourth summons was issued on May 6, 2019, and Virginia's name was again included. According to Virginia, she was served, at her home address, for the first time with the May 6, 2019, summons and the amended complaint on May 14, 2019. There is no evidence of service in the record; however, at the hearing on the motion to dismiss, counsel for Virginia stated that Virginia was served on May 14, 2019.

¶ 8     On June 13, 2019, Virginia entered her appearance and moved to dismiss under Rule 103(b) (eff. July 1, 2007), arguing that plaintiff had failed to exercise reasonable diligence to obtain service on her. According to Virginia, plaintiff had Virginia's address since at least October 24, 2017, but did not serve Virginia for almost 19 months. Virginia advocated dismissal with prejudice on the ground that the summons was not served on her until after the statute of limitations had run. Virginia cited the 90-day limitation period under section 12 of the Uniform Arbitration Act (Arbitration Act) (710 ILCS 5/12(b) (West 2018)). Virginia also cited the six-month limitation period for claims against an estate under section 18-3(a) of the Probate Act of 1975 (Probate Act) (755 ILCS 5/18-3(a) (West 2018)), and, alternatively, the two-year limitation period from the date of death, which applies in the absence of notice invoking the six-month period (755 ILCS 5/18-12(b) (West 2018)).

¶ 9     In response, plaintiff filed an affidavit, stating:

"1 Plaintiff sent a copy to Ms[.] Virginia Terlep immediately after filing the law suit [*sic*]. Ms. Terlep had actual and constructive [*sic*] of plaintiff's lawsuit.

2 Plaintiff's process server attempted to serve Ms[.] Terlep, after the case was file [*sic*], but Ms. Terlep was dodging service from the beginning of this case.

3 A 'diligent inquiry as to the location of Ms. Terlep' was made.

4 Plaintiff had made repeated attempts to have Ms. Terlep served to no avail. Ms. Terlep was dodging service.

5 Plaintiff's process server was finally able to serve Ms. Terlep.

6 Plaintiff was diligent in his attempts to have Ms. Terlep served."

¶ 10    On August 28, 2019, at a hearing on Virginia's motion, plaintiff argued that Virginia was served "a month after the complaint was filed." According to plaintiff, Virginia had contacted a law firm to represent her but, due to a conflict of interest, the firm could not do so. The trial court inquired, "Where is all of this? None of this is in any of the pleadings." Plaintiff stated: "I am giving you the background, Judge." Plaintiff pointed to his affidavit and argued that he was diligent in obtaining service. The court granted the motion to dismiss with prejudice:

"THE COURT: All right. Thank you, everyone, for your presentations and your argument.

Supreme Court Rule 103(b) does allow the Court discretion to dismiss a lawsuit for lack of diligence.

The statute, specifically, says, the rule, specifically, says that if a plaintiff fails to exercise reasonable diligence to obtain service on a defendant prior to the application— prior to the expiration of the statute of limitations, the action may be dismissed without prejudice.

If the failure to exercise diligence is after the expiration of the statute of limitations, the dismissal can be with prejudice.

I reviewed the Court file to take a look at the efforts that were made to serve Virginia Terlep. It appears to me from my review of the record that on October 24th, 2017, the lawsuit was filed and Ms. Terlep was not listed as a defendant.

On December 17th, an amended complaint—September 17th of 2017, an amended complaint was filed naming Ms. Terlep as the administrator of the estate of Bruce Terlep as a party defendant. There was no summons issued at that time. There was no evidence that any summons was served on Ms. Terlep or that any effort was made to serve Ms. Terlep.

In June of 2018, on June 6th, there was a summons issued naming some of the defendants. Ms. Terlep was not listed on that summons. It does not appear from the record that summons was issued against Virginia Terlep at that date.

On September 4th, 2018, there was another summons issued. It does not appear from the record there is any evidence of attempts at service or service on Ms. Terlep.

On September 25th, 2018, a process server named Brian Ziolkowski, Z-i-o-l-k-o-w-s-k-i, did serve defendant Mark Miller [*sic*].

There is no mention of any attempts of service on Ms. Terlep anywhere in Mr. Ziolkowski's affidavit.

On March 29th, 2019, an alias summons was finally issued. There is no evidence anywhere that that summons was placed for service with the Sheriff or process server, no evidence that any attempt was made to serve Ms. Terlep.

Finally, on May 6th, 2019, Ms. Terlep was again listed on the summons that were issued, and it appears that she was then served, roughly, eight days later for the first time in May of 2019.

From this record I cannot find any attempt ever made to serve summons on Ms. Terlep.

Mr. Stoller states in his affidavit that she was evading service. Mr. Stoller's statement that she was evading service is not supported by anything in the record. There is no attachment from anybody that says I tried to serve her on certain days, that she wasn't home, she wouldn't answer the door. There is nothing.

In fact, it appears from the record that there were no summons ever been issued to Ms. Terlep. So I don't know how anyone could have attempted to serve a summons that was never issued.

Ms. Terlep has lived at the same address. She was easily found once summons was finally issued nineteen months later, sending her a copy in the mail, and Mr. Stoller knows this because he is familiar with the law, is not sufficient service. The law does require personal service of a complaint in a case like this.

There is no identification of any process server. There is no indication that the Sheriff ever received this.

And, in fact, the Sheriff of DuPage County could have easily served her based on this record.

Therefore, I am going to grant the motion to dismiss the case under Supreme Court Rule 103(b).

In addition, because the service was not effectuated until after the statute of limitations has run, the dismissal will be with prejudice."

The court stated further: "[Illinois] Supreme Court Rule 103(b) does allow the Court the power to dismiss a case if there is not reasonable diligence. This is far beyond what the case law shows. There is [*sic*] cases with six months is the outside time to serve a party. This was nineteen months. This isn't very close in the Court's opinion. And I can't find from the file that there were reasonable efforts made to serve her."

¶ 11    The trial court made a written finding of no just reason for delaying enforcement or appeal of the order under Illinois Supreme Court Rule 304(a) (eff. Mar. 8, 2016). Plaintiff timely appealed.

¶ 12                                  II. ANALYSIS

¶ 13    Plaintiff argues that the trial court erred in granting Virginia's motion to dismiss.

¶ 14    Initially, we note that plaintiff's opening brief violates our supreme court rules in two major respects. First, plaintiff's "Statement of Facts" consists of a single sentence: "On *August 28, 2019* the court erroneously granted Defendant Terlep's *Rule 103(b)* Motion to Dismiss *** Defendant Terlep from the plaintiff's case, *with prejudice*, before the applicable statute of limitations has run[.]" (Emphases in original.) It contains absolutely no facts bearing on whether the trial court erred in dismissing this action. See Ill. S. Ct. R. 341(h)(6) (eff. May 25, 2018) (providing that the statement of facts "shall contain the facts necessary to an understanding of the case"). Second, plaintiff's argument essentially restates that sentence and adds "The count [*sic*] committed clear and reversible error[.]" Plaintiff cited a single case for a basic rule of law but failed to articulate any cogent argument as to why the court erred. See Ill. S. Ct. R. 341(h)(7) (eff. May 25, 2018) (providing that the argument section "shall contain the contentions of the appellant and the reasons therefor").

¶ 15    We note that plaintiff's reply brief also violates the supreme court rules. Plaintiff's 20-page reply brief contains 24 single-spaced footnotes. See Ill S. Ct. R. 341(a) (eff. Mar. 25, 2018) ("[f]ootnotes are discouraged"). In addition, several portions of the brief are single-spaced. See *id.* ("text must be double-spaced"). Had plaintiff incorporated his footnotes into the reply brief and properly double-spaced all text, plaintiff's reply brief would clearly violate Illinois Supreme Court Rule 341(b)(1) (eff. Mar. 25, 2018), which limits the reply brief to 20 pages. See *Technology Solutions Co. v. Northrop Grumman Corp.*, 356 Ill. App. 3d 380, 382-83 (2005).

¶ 16    "A brief that lacks any substantial conformity to the pertinent supreme court rules may justifiably be stricken." *Hall v. Naper Gold Hospitality LLC*, 2012 IL App (2d) 111151, ¶ 7. However, striking an appellate brief "is a harsh sanction and is appropriate only when the violations of procedural rules hinder our review." *Id.* ¶ 15. We have the benefit of clearly defined issues and an extremely thorough and cogent response brief from Virginia. As a result, the deficiencies in plaintiff's briefs do not hinder our review. While we do not condone such careless disregard for our rules, we will entertain the appeal. See *Twardowski v. Holiday Hospitality Franchising, Inc.*, 321 Ill. App. 3d 509, 511 (2001). Nevertheless, on our own motion, we strike all of plaintiff's footnotes. See *Technology Solutions Co.*, 356 Ill. App. 3d at 384.

¶ 17    We turn now to the merits. Rule 103(b) (eff. July 1, 2007) provides that an action may be dismissed with prejudice if the plaintiff fails to exercise reasonable diligence in obtaining service on the defendant after the expiration of the applicable statute of limitations. The rule is designed to prevent the intentional delay of service for an indefinite amount of time to circumvent the limitations period. *Emrikson v. Morfin*, 2012 IL App (1st) 111687, ¶ 16.

¶ 18    In moving for dismissal under Rule 103(b), the defendant must make a *prima facie* showing that the plaintiff failed to exercise reasonable diligence in effecting service after filing the complaint. *Id.* ¶ 17.

"Once the defendant establishes that the time between the institution of the suit and the date of actual service is indicative of a lack of diligence in the absence of any patently unusual circumstances, the burden shifts to the plaintiff to demonstrate, with specificity and in conformity with the rules of evidence, that reasonable diligence was exercised and to offer an explanation to satisfactorily justify any delay in service." *Kole v. Brubaker*, 325 Ill. App. 3d 944, 949-50 (2001).

It is incumbent upon the plaintiff to explain, by way of affidavit or other competent evidentiary materials, that the delay in service was reasonable and justified under the circumstances. *Id.* at 950.

¶ 19    A Rule 103(b) motion is not resolved under a subjective test of the plaintiff's intent. Instead, it is resolved under an objective test of reasonable diligence in effecting service. *Lewis v. Dillon*, 352 Ill. App. 3d 512, 518 (2004). In the absence of a satisfactory explanation, the trial court is justified in granting a dismissal under Rule 103(b). *Emrikson*, 2012 IL App (1st) 111687, ¶ 17. A trial court's ruling on a motion to dismiss under Rule 103(b) will not be disturbed absent an abuse of discretion. *Case v. Galesburg Cottage Hospital*, 227 Ill. 2d 207, 213 (2007). "A trial court abuses its discretion when its decision is arbitrary, fanciful, or unreasonable or where no reasonable person would adopt the court's view." (Internal quotation marks omitted.) *Emrikson*, 2012 IL App (1st) 111687, ¶ 14.

¶ 20    Consideration of a party's diligence, or lack thereof, under Rule 103(b) is fact-intensive. *McRoberts v. Bridgestone Americas Holding, Inc*., 365 Ill. App. 3d 1039, 1042 (2006). The factors to be considered in deciding a Rule 103(b) motion include (1) the length of time used to obtain

service of process; (2) the activities of the plaintiff; (3) the plaintiff's knowledge of the defendant's location; (4) the ease with which the defendant's whereabouts could have been ascertained; (5) actual knowledge by the defendant of the pendency of the action as a result of ineffective service; (6) special circumstances that would affect the plaintiff's efforts; and (7) actual service on the defendant. *Case*, 227 Ill. 2d at 212-13.

¶ 21    Here, 19 months elapsed between the filing of the initial complaint, which included Virginia's address, until Virginia was served. This delay supported the trial court's finding that Virginia had made a *prima facie* showing that plaintiff lacked diligence in obtaining service. See, *e.g.*, *Emrikson*, 2012 IL App (1st) 111687, ¶ 17; *Tischer v. Jordan*, 269 Ill. App. 3d 301, 308 (1995). Virginia's *prima facie* showing shifted the burden to plaintiff to explain the reason for the delay and how his efforts demonstrated reasonable diligence. See *Emrikson*, 20012 IL App (1st) 111687, ¶ 20.

¶ 22    The trial court found that plaintiff did not meet his burden of showing that he made reasonable efforts to serve Virginia. Plaintiff asserts generally that the court's conclusion was an abuse of discretion, but the only arguments to be gleaned from his briefs are that (1) the court erred in failing to take plaintiff's affidavit into consideration and (2) the statute of limitations had not run. We disagree with both propositions.

¶ 23    First, the record shows that the trial court considered plaintiff's affidavit but found that it did not establish that plaintiff made reasonable efforts to serve Virginia. The only arguments that plaintiff could have made based on the affidavit were that Virginia was evading service and that Virginia had actual knowledge of the action. With respect to plaintiff's assertion that Virginia "was evading service," the court found that the allegation was "not supported by anything in the record." The court stated: "There is no attachment from anybody that says I tried to serve her on certain

days, that she wasn't home, she wouldn't answer the door. There is nothing." Therefore, the court properly found that plaintiff's conclusory allegation in the affidavit did not support his claim that he made diligent efforts to serve Virginia. See *Pisciotto v. National Heater Co.*, 21 Ill. App. 3d 73, 76 (1974) (trial court properly rejected conclusory allegations in affidavit that attorney made diligent efforts to locate the defendant where the affidavit did not detail specific efforts made).

¶ 24     Plaintiff averred in the affidavit that Virginia was aware of the lawsuit, but such awareness would not be dispositive of the Rule 103(b) motion. Virginia's alleged knowledge of the suit would not necessarily outweigh the other factors, particularly in view of Rule 103(b)'s goal of promoting expeditious litigation, especially when the statute of limitations is involved. See *Womick v. Jackson County Nursing Home*, 137 Ill. 2d 371, 377 (1990); *Sinn v. Elmhurst Medical Building, Ltd.*, 243 Ill. App. 3d 787, 792 (1993).

¶ 25     This brings us to plaintiff's "argument" that the trial court erred in granting the dismissal with prejudice, because the applicable statute of limitations had not run. In the trial court, Virginia cited the 90-day limitation period under section 12 of the Arbitration Act (710 ILCS 5/12(b) (West 2018)). Virginia also cited the six-month limitation period for claims against an estate under section 18-3(a) of the Probate Act (755 ILCS 5/18-3(a) (West 2018)), and, alternatively, the two-year limitation period that applies in the absence of notice invoking the six-month period (755 ILCS 5/18-12(b) (West 2018)). Plaintiff did not take a position in the trial court on which limitation period applied to his claims against Virginia. We agree with Virginia that, by failing to raise the issue below, plaintiff may not base his challenge to the dismissal on which limitation period applies. See *Helping Others Maintain Environmental Standards v. A.J. Bos.*, 406 Ill. App. 3d 669, 695 (2010) (generally, a party who does not raise an issue in the trial court forfeits the issue and may not raise it for the first time on appeal). Even if we were to excuse the forfeiture resulting

from plaintiff's failure to raise the issue below, plaintiff fails to advance a cogent argument on the matter before this court. Indeed, plaintiff makes no argument, other than simply referring to the applicable statute of limitations as "applicable 5[-]year limitations for statute of fraud." See *Gakuba v. Kurtz*, 2015 IL App (2d) 140252, ¶ 19 (finding that the defendant forfeited argument unsupported by any cogent analysis or citation to relevant authority).

¶ 26    Accordingly, based on the foregoing, we hold that the trial court did not abuse its discretion in granting Virginia's motion to dismiss the complaint with prejudice.

¶ 27                                    III. CONCLUSION

¶ 28    For the reasons stated, we affirm the judgment of the circuit court of Du Page County.

¶ 29    Affirmed.