2022 IL App (2d) 210617-U
No. 2-21-0617
Order filed December 21, 2022

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| CHRISTOPHER STOLLER, | ) ) | Appeal from the Circuit Court of Du Page County. |
| Plaintiff-Appellant, | ) ) | |
| v. | ) ) | No. 17-L-1177 |
| JAMS; ALLEN S. GOLDBERG; HIROTO SAIKAWA, Chief Executive Officer of Nissan Motor Company, Ltd.; CARLOS GHOSN, Chief Executive Officer of Nissan North America, Inc.; NOBAO ARAKI, President of Nissan Infiniti, Ltd.; ROLAND KRUEGER, President of Highland Park Motor Cars, Inc.; MUELLER NISSAN; MICHAEL MUELLER, Chief Executive Officer of Mueller Auto Group; MARK MUELLER, President of Mueller Auto Group; RAFAL CHUDOBA; MARK KACZYNSKI, President of Nissan Motor Acceptance Corporation; SWANSON, MARTIN and BELL, LTD.; VIRGINIA TERLEP, Special Administrator of the Estate of Bruce Terlep; ROBERT McNAMARA; ROSS BARTOLOTTA; CHRISTIAN A. SULLIVAN; BURKE, WARREN, MacKAY and SERRITELLA, P.C.; IRA LEVIN; KENT BOWERSOCK; MICHAEL McCANTS; JEFFERY HARRIS; BIANCA ROBERTS, IRMA GUITERREZ; AGENTS, ASSIGNS, ATTORNEYS and JOHN DOES 1-10, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |

| Defendants | ) | |
| | ) | Honorable |
| (JAMS and Michael McCants, Defendants- | ) | David E. Schwartz, |
| Appellees). | ) | Judge, Presiding. |

JUSTICE HUTCHINSON delivered the judgment of the court.
Justices Schostok and Birkett concurred in the judgment.

## ORDER

¶ 1     *Held*:  The trial court properly dismissed plaintiff's complaint where defendants were not timely served; affirmed, sanctions imposed.

¶ 2     Plaintiff, Christopher Stoller, appeals from the trial court's dismissal of his claims against defendants JAMS, Inc. (f/k/a Judicial Arbitration and Mediation Services) and one of its case managers, Michael McCants. We affirm. In addition, because this appeal was frivolous and because plaintiff has repeatedly violated supreme court rules governing appellate briefs, we grant in part defendants' request for sanctions.

¶ 3                                    I. BACKGROUND

¶ 4     This same cause of action has been the subject of two prior appeals. In 2015, Stoller leased a 2015 Nissan Sentra from a dealership in Du Page County. Stoller was dissatisfied with both the car and the lease terms, and he filed a complaint for arbitration with JAMS under the lease agreement. When the arbitrator ruled against him, Stoller filed a four-count complaint to vacate the award and sought $4.25 million in damages from each defendant for, *inter alia*, "conspiracy" and "elder abuse." (At the time, Stoller was 68.) Later, to stave off removal to federal court, Stoller filed a "stipulation" stating that he "will not demand or accept an award or seek damages or restitution in excess of $74,000 per Defendant ***."

¶ 5     Defendants moved to dismiss with prejudice. First, defendants sought dismissal under Illinois Supreme Court Rule 103(b) (eff. July 1, 2007), on the ground that Stoller had failed to

exercise reasonable diligence in serving the complaint within 90 days in violation of section 12 of the Uniform Arbitration Act (710 ILCS 5/12(b) (West 2018)). Second, under section 2-619(a)(9) of the Code of Civil Procedure (Code) (735 ILCS 5/2-619(a)(9) (West 2018)), defendants asserted that Stoller's claims were barred by the doctrine of arbitral immunity. See generally *Grane v. Grane,* 143 Ill. App. 3d 979 (1986) (adopting doctrine in Illinois).

¶ 6     These same two issues, a lack of diligent service and arbitral immunity, have vexed Stoller before in this same suit. In *Stoller v. JAMS*, 2020 IL App (2d) 190741-U (*Stoller I*), we affirmed the dismissal of the complaint under Rule 103(b) against (Victoria Terlep) the administrator of the estate of Nissan's recently deceased former local counsel. The record also shows that the trial court dismissed Stoller's complaint for lack of diligence under Rule 103(b) in serving Highland Park Motorcars and its manager (Mark Muller), which Stoller did not timely appeal. Furthermore, the court repeatedly denied Stoller leave to serve by publication as a number of defendants were "easily findable," yet Stoller failed to explain what steps he took to serve them. Similarly, in *Stoller v. JAMS*, 2021 IL App (2d) 200115-U (*Stoller II*) we affirmed the dismissal of the complaint under Rule 103(b) and immunity grounds against the arbitrator (Hon. Alan Goldberg, ret.). In *Stoller II*, we also noted that we were not the only appellate court that has taken issue with Stoller's suboptimal filings, and we warned Stoller that he was courting sanctions by repeatedly violating supreme court rules. *Id.* ¶ 24.

¶ 7     That brings us to the matter at hand. After defendants filed their motion to dismiss, Stoller filed for a substitution of judge as a matter of right and to transfer venue to Sangamon County on grounds of forum *non conveniens*. The trial court denied both motions. Stoller also filed a motion for sanctions (Ill. S. Ct. R. 137 (eff. Jan. 1, 2018)) asserting that defendants had accepted service by e-mail, which the trial court denied as well. The court then granted the motion to dismiss with

prejudice, finding that Stoller had failed to timely serve defendants under Rule 103(b) and that his claims were barred under arbitral immunity. The court issued an immediate-appealability finding (Ill. S. Ct. R. 304(a) (eff. Mar. 8, 2016)) and Stoller timely filed this appeal.

¶ 8                                        II. ANALYSIS

¶ 9        As a threshold matter, Stoller asserts that the circuit court should have granted his motion for substitution of judge as a matter of right. He claims that the erroneous denial of that motion invalidated all of the circuit court's subsequent orders in this case. Nevertheless, the motion was properly denied as the circuit judge had already ruled on several substantial matters before the motion was made. See 735 ILCS 5/2-1001(a)(2)(ii) (West 2018).

¶ 10       We note that, several times in the circuit court, Stoller asserted that the "erroneous" denial of his substitution motion excused him from compliance with case management deadlines and relieved him of the need to seek leave of court to file various summonses, pleadings, and responses. We remind Stoller that court orders are court orders and, unless it has been overturned or modified by the orderly processes of review, an order entered by a court of competent jurisdiction "must be obeyed, even if it is erroneous." *People v. Nance*, 189 Ill. 2d 142, 145 (2000). We now turn to the merits.

¶ 11       On the merits, we can begin and end with the issue of service of process, which is a jurisdictional prerequisite to any lawsuit. The trial court determined that Stoller had unreasonably failed to serve defendants under Rule 103(b) and section 12 of the Uniform Arbitration Act (710 ILCS 5/12(b) (West 2018)). A dismissal under Rule 103(b) is reviewed for an abuse of discretion (*Case v. Galesburg Cottage Hospital*, 227 Ill. 2d 207, 213 (2007)), and here we find none.

¶ 12       The arbitration award was entered on September 15, 2017. Stoller filed his original complaint and summons in the circuit court on October 24, 2017. On December 16, 2017, Stoller

filed an affidavit claiming that he served defendants by e-mailing the original summons and complaint as well as by mailing a copy of his first amended complaint to defendants' counsel. Stoller's affidavit averred that JAMS's counsel, Jessica MacGregor, had agreed to accept electronic service on defendants' behalf. Stoller sought a default judgment, but on April 10, 2018, defendants filed a motion to quash based on improper service (735 ILCS 5/2-301(a) (West 2018)). Defendants' motion explained that Stoller never sent a notice of service and that defendants never waived service. Moreover, MacGregor averred that, "[i]n the spirit of cooperation," she drafted and sent a standard notice of service to Stoller for his use, yet Stoller never returned a completed notice to defendants. Finally, defendants pointed out that Stoller's purported affidavit of service was defective because it did not recite that his statements were made under penalty of perjury per section 1-109 of the Code of Civil Procedure (735 ILCS 5/1-109 (West 2018)). See *Roth v. Illinois Farmers Ins. Co.*, 202 Ill. 2d 490, 497 (2002) (finding that an unsworn affidavit is a nullity).

¶ 13 We note, too, that there is no record of a completed summons or a return of service for defendants in the record. The record also does not contain a transcript of a hearing on defendants' motion to quash, but a minute order states that the court granted the motion. Curiously, the record also contains a second, a third, a fourth, and a fifth purported summons for defendants and others, but none of the summons were issued with leave of court (whether as an alias summons or otherwise) and there is no indication that Stoller placed any of the summonses with an authorized agent for service. Nevertheless, on January 31, 2020—or 26 months after Stoller filed his original complaint—defendants voluntarily appeared through counsel and filed their motion to dismiss.

¶ 14 In response, Stoller filed an affidavit of a purported special process server, Joseph Sanfratello, who stated that he had "made several attempts" to serve defendants at JAMS's offices in Chicago over two days in January 2018, but that in his "professional opinion [defendants] were

attempting to dodge service and [he] was unsuccessful in serving them." Stoller seems to believe that Sanfratello's affidavit was sufficient to demonstrate reasonable diligence. We disagree.

¶ 15    There is no indication that Sanfratello was appointed by the court as a special process server or was otherwise qualified to serve process in Cook County under section 2-202 of the Code of Civil Procedure (735 ILCS 5/2-202 (West 2018)) in January 2018. *Cf.*, *e.g.*, *Municipal Trust & Savings Bank v. Moriarty*, 2021 IL 126290, ¶¶ 21-23. A supplement to the record indicates that in August 2018, the court did give Stoller leave to use a special process server, but that was more than eight months *after* Sanfratello allegedly attempted to serve defendants *without* leave of court. More importantly, Sanfratello's affidavit was hopelessly vague and conclusory as it failed to explain what additional steps were taken, if any, to have defendants timely served. See *Pisciotto v. National Heater Co.*, 21 Ill. App. 3d 73, 76 (1974) (trial court properly rejected conclusory allegations in affidavit that attorney made diligent efforts to locate the defendant where the affidavit did not detail specific efforts made). And, finally, most importantly, the affidavit is a nullity. It is unsigned, and it failed to recite the same section 1-109 language that was missing from Stoller's own affidavit. See *Roth*, 202 Ill. 2d at 497.

¶ 16    Accordingly, it was not error for the trial court to disregard Sanfratello's affidavit, and we agree with the trial court that Stoller wholly failed to account for his lack of reasonable diligence under Rule 103(b). *Cf. Emrikson v. Morfin*, 2012 IL App (1st) 111687, ¶ 18 (concluding that plaintiff's failure to effect service for seven months after motion to quash "raised an inference of a lack of reasonable diligence"). Also, we would be remiss if we did not point out that, in *Stoller II*, we explained that the cases cited by Stoller—namely *Aranda v. Hobart Manufacturing Co.*, 66 Ill. 2d 616 (1977), and *Montero v. University of Illinois Hospital*, 57 Ill. App. 3d 206 (1978)—had no direct application to his issues surrounding service. See *Stoller II*, 2021 IL App (2d) 200115-

U, ¶¶ 19-21. Inexplicably, Stoller repeats his citations to those same cases, but offers no further explanation as to how they are relevant. Neither case is applicable, nor does citing them excuse Stoller's failure to comply with Rule 103(b). Accordingly, we affirm the dismissal and, because we are able to resolve this appeal under Rule 103(b), we need not consider the additional issue of arbitral immunity as a defense to a lawsuit that was not properly instated.

¶ 17    That brings us to sanctions. Rule 375(b) allows this court to impose an appropriate sanction upon any party or the party's attorney if we determine that the appeal is frivolous or not taken in good faith. The test to determine whether an appeal is frivolous is based upon an objective standard. *Garlick v. Bloomingdale Township*, 2018 IL App (2d) 171013, ¶ 59. An appeal will be deemed frivolous "where it is not reasonably well grounded in fact and not warranted by existing law or a good-faith argument for the extension, modification, or reversal of existing law." Ill. S. Ct. R. 375(b). "The purpose of Rule 375(b) is to condemn and punish the abusive conduct of litigants and their attorneys who appear before us" and the imposition of sanctions "is left strictly to our discretion." (Internal quotation marks omitted.) *Garlick*, 2018 IL App (2d) 171013, ¶ 59.

¶ 18    We are, of course, mindful that Stoller is a *pro se* litigant, but *pro se* status does not relieve him of the obligation to follow supreme court rules, and sanctions may be awarded against *pro se* litigants under sufficiently egregious circumstances. See, *e.g.*, *Oruta v. Biomat USA, Inc.*, 2017 IL App (1st) 152789, ¶¶ 11-20 (sanctions imposed against *pro se* appellant where he filed numerous appeals that were frivolous or not taken in good faith; he had engaged in "gamesmanship," and filed unintelligible pleadings); *Parkway Bank & Trust Co. v. Korzen*, 2013 IL App (1st) 130380, ¶¶ 84-88 (sanctions imposed against *pro se* defendants, where the defendants impugned trial judge's integrity, personally attacked opposing counsel in their briefs, filed numerous lengthy pleadings, and wrongly attempted to name opposing attorney as a party). This is such a case.

¶ 19     We note that, as with the prior appeals from this same suit, Stoller's appellate briefs contain a number of rule violations. On the cover of Stoller's opening brief, Stoller refers to himself in the plural form (a convention he repeats throughout his filings), and he incorrectly states that this is an appeal from the circuit court of Cook County, rather than DuPage County. *Cf.* Ill. S. Ct. R. 341(d). The brief also has incorrect margins (*cf.* Ill. S. Ct. R. 341(a)), while his certificate of compliance cites the Federal Rules of Appellate Procedure and fails to recite the proper language for this state court appeal (*cf.* Ill. S. Ct. R. 341(c)). In addition, Stoller's certificate of compliance states that his 31-page opening brief contains 4242 words. Our count shows that it is 5772, not including the text in scanned documents that Stoller has copied and pasted into his brief, which we were unable to count as text using Microsoft Word. Next, while a reply brief must be under 20 pages or 6000 words (Ill. S. Ct. R. 341(b)(1)), Stoller's reply brief states that it contains 5920 words, or just under the maximum. Meanwhile, our count shows that Stoller's 54-page reply brief contains 7016 words, again excluding the text of items he has copied and pasted. *Cf. id.*

¶ 20     This is now the *third* appeal in which we have admonished Stoller for his failure to follow the rules governing briefing. We remind Stoller that the rules of our supreme court, including those pertaining to briefs, are not mere suggestions but have the force of law. *Morse v. Donati*, 2019 IL App (2d) 180328, ¶ 16.

¶ 21     Defendants moved to strike Stoller's reply brief and requested sanctions under Rule 375(b), which we ordered taken with the case. After briefing was completed, we entered an order indicating that the circuit court's judgment would be affirmed, granted defendants' sanctions request, and asked defendants to submit a statement for reasonable costs. Our order explicitly stated that no additional matters would be considered. In response, Stoller filed a motion to

reconsider, and a combined motion to stay this appeal and/or transfer this case to the First District. We deny the motion to reconsider and we strike the motion to stay or transfer this appeal.

¶ 22    By any objective measure, this appeal was frivolous. After carefully examining the record, we have determined that it is not even arguable that Stoller properly or diligently served defendants. Moreover, even if a court could somehow credit Sanfratello's affidavit—that he attempted to serve defendants in January 2018—it must be remembered that Stoller submitted a notice of filing indicating that he had already served defendants in December 2017. That turned out not to be true and service was quashed in April 2018—but, it strains credulity to believe that one would pay for a process server to attempt service on a party that had *already* been served.

¶ 23    None of the other issues Stoller raises warrant discussion. It is obvious that the purpose of this appeal was to harass defendants, cause undue delay, and drive up the cost of litigation in violation of Rule 375(b). This appeal was not well grounded in fact nor was it well grounded in law. No reasonable, prudent attorney or party would have filed it. *Parkway Bank and Trust Co.*, 2013 IL App (1st) 130380, ¶ 85; see also A. Leuchtmann, *Know When to Say When: Illinois Supreme Ct. Rule 375(b) and the Frivolous Appeal*, 33 DCBA Brief 10, 17 (2021) (noting that "appellate courts don't take kindly to having their time wasted, and they are perhaps even less hospitable to being used as a tool to waste the time and money of an opposing party").

¶ 24    Per our minute order, defendants filed their cost statement and Stoller filed his response. After considering both documents, Stoller is ordered to pay defendants $735 for the cost of this appeal. Stoller also filed a motion for an extension of time to file his response to defendants' statement, which we deny as moot because Stoller filed his response the day before he filed the request for an extension. Finally, given our resolution of these issues, we deny defendants' request to strike Stoller's reply brief.

¶ 25                                III. CONCLUSION

¶ 26    For the reasons stated, we (1) affirm the judgment of the circuit court of Du Page County, (2) grant defendants' motion for sanctions and order Stoller to pay defendants $735 as a sanction under Rule 375(b), (3) deny defendants' request to strike Stoller's reply brief, (4) deny Stoller's motion to reconsider the minute order, (5) strike Stoller's motion to stay or transfer this appeal (Dkt. #8), and (6) deny as moot Stoller's motion for an extension of time to file his response to defendants' statement of costs (Dkt. #10). Stoller is also forewarned: Any petition for rehearing that fails to strictly adhere to Supreme Court Rule 367 (eff. Nov. 1, 2017) will be stricken and additional sanctions may follow.

¶ 27    Affirmed; sanctions imposed.