2021 IL App (3d) 190179

Opinion filed November 18, 2021

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2021

| TALIA SIEVERT, | ) | Appeal from the Circuit Court |
| | ) | of the 12th Judicial Circuit, |
| Plaintiff-Appellee, | ) | Will County, Illinois, |
| | ) | |
| v. | ) | Appeal No. 3-19-0179 |
| | ) | Circuit No. 17-AR-159 |
| | ) | |
| KEVIN DUZINSKI, | ) | Honorable |
| | ) | Barbara N. Petrungaro |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE LYTTON delivered the judgment of the court, with opinion.
Presiding Justice McDade concurred in the judgment and opinion.
Justice Schmidt dissented, with opinion.

_____

**OPINION**

¶ 1      Plaintiff, Talia Sievert, filed suit against defendant, Kevin Duzinski, for damages arising from a motor vehicle accident. The Will County circuit court denied defendant's motion to dismiss under Illinois Supreme Court Rule 103(b) (eff. July 1, 2007). The court certified the following question for review pursuant to Illinois Supreme Court Rule 308(a) (eff. July 1, 2017):

> "Whether, in a case in which the plaintiff's lawsuit was dismissed with [*sic*] want of prosecution after expiration of the statute of limitations and the plaintiff did not attempt service before the dismissal for want of prosecution, a trial court may

consider the overall lapse of time in obtaining service of process when the dismissal for want of prosecution is vacated and service obtained on the first attempt at the address known to the plaintiff from the inception of the suit."

We granted defendant's application for leave to appeal. We answer the certified question negatively and remand the cause for further proceedings.

¶ 2                                    I. BACKGROUND

¶ 3        On March 13, 2017, plaintiff filed a complaint seeking to recover damages for injuries she sustained on March 15, 2015, when the car in which she was a passenger collided with defendant's vehicle. Plaintiff did not have summons issued. On August 17, 2017, the circuit court dismissed the complaint for want of prosecution after plaintiff failed to appear for a status hearing.

¶ 4        On May 14, 2018, plaintiff's counsel sent a letter to the circuit court indicating counsel's intention to move to vacate the dismissal. The letter, which the court received on May 28, 2018, stated that counsel made an "egregious mistake regarding the proper future date" and that he received notice of the dismissal "at a much later date than normal." Counsel indicated that he would file a petition to vacate the dismissal and reinstate the case when he returned to his office. Counsel never filed the motion or presented it to the court.

¶ 5        On July 16, 2018, plaintiff retained new counsel who filed a motion for leave to file a substitute appearance of counsel along with a motion to vacate the dismissal and to issue alias summons. The motion to vacate the dismissal order noted that prior counsel failed to appear at two status hearings before the case was dismissed and that he had "made no affirmative act on behalf of [p]laintiff" since May 23, 2018. The motion also stated that it was "unclear from the docket if an initial [s]ummons was ever issued for [d]efendant." New counsel requested that the court vacate the dismissal order and reinstate the case.

2

¶ 6    On July 20, 2018, the trial court allowed new counsel leave to file substitute appearance. The court also vacated the dismissal, reinstated the case, and ordered alias summons to issue. Subsequently, summons issued and plaintiff served defendant on August 21, 2018.

¶ 7    On August 31, 2018, defendant appeared and filed a motion to dismiss pursuant to Rule 103(b). Defendant asserted that plaintiff's complaint should be dismissed for failing to exercise due diligence in issuing summons and serving defendant with the complaint. The motion alleged that the 17-month period between the filing of the lawsuit and the actual attempt to serve defendant with the complaint demonstrated that plaintiff failed to exercise due diligence in pursuing the lawsuit. The motion also attached a May 3, 2017, letter from defendant's insurance carrier indicating that plaintiff may file a lawsuit against defendant. Defendant conceded that his actual knowledge of the lawsuit should be considered in determining plaintiff's due diligence. However, he argued that plaintiff waited more than a year after defendant received the letter to issue summons, and thus, defendant had no reason to believe that plaintiff intended to pursue a lawsuit against him. In response, plaintiff argued that the court should not consider the lapse of time during which the complaint was dismissed for want of prosecution in determining whether she exercised due diligence.

¶ 8    Following a hearing, the trial court denied defendant's motion. In reaching its conclusion, the court commented:

> "Doesn't seem fair that the [dismissed for want of prosecution] time should be counted because nothing can happen during that time frame either, so I'm going to deny the motion to dismiss."

¶ 9    Based on defendant's motion, the trial court certified the following question for interlocutory review pursuant to Rule 308(a):

3

"Whether, in a case in which the plaintiff's lawsuit was dismissed with [sic] want of prosecution after expiration of the statute of limitations and the plaintiff did not attempt service before the dismissal for want of prosecution, a trial court may consider the overall lapse of time in obtaining service of process when the dismissal for want of prosecution is vacated and service obtained on the first attempt at the address known to the plaintiff from the inception of the suit."

This court allowed defendant's application for leave to appeal.

## II. ANALYSIS

The certified question asks this court to determine whether—for purposes of a Rule 103(b) motion to dismiss—the trial court may consider the overall lapse of time in obtaining service of process when the case was dismissed for want of prosecution. Stated differently, we are asked to determine whether the trial court may consider the period during which the cause remained dismissed for want of prosecution in determining whether plaintiff exercised due diligence in serving defendant. We review certified questions *de novo*. *Simmons v. Homatas*, 236 Ill. 2d 459, 466 (2010). On review, we answer the question negatively.

Rule 103(b) provides, in relevant part:

"If the failure to exercise reasonable diligence to obtain service on a defendant occurs after the expiration of the applicable statute of limitations, the dismissal shall be with prejudice as to that defendant ***. *** In considering the exercise of reasonable diligence, the court shall review the totality of the circumstances, including both lack of reasonable diligence in any previous case voluntarily dismissed or dismissed for want of prosecution, and the exercise of reasonable

4

diligence in obtaining service in any case refiled under section 13-217 of the Code of Civil Procedure." Ill. S. Ct. R. 103(b) (eff. July 1, 2007).

¶ 13    The purpose of Rule 103(b) is to protect defendants from unnecessary delays in service of process and to prevent plaintiffs from circumventing the applicable statute of limitations. *Silverberg v. Haji*, 2015 IL App (1st) 141321, ¶ 30 (citing *Segal v. Sacco*, 136 Ill. 2d 282, 286 (1990)). Trial courts are given wide latitude to dismiss a case under Rule 103(b) when service is not effected in a timely manner. See *Brezinski v. Vohra*, 258 Ill. App. 3d 702, 704 (1994). However, public policy in Illinois favors determining controversies according to the substantive rights of the parties. *Christian v. Lincoln Automotive Co.*, 403 Ill. App. 3d 1038, 1042 (2010). Thus, a dismissal with prejudice under Rule 103(b) is considered a harsh penalty that is necessary when delay in service denies the defendant the opportunity to investigate the circumstances surrounding the case while the relevant facts are still available. *Segal*, 136 Ill. 2d at 288; see also *Verploegh v. Gagliano*, 396 Ill. App. 3d 1041, 1045 (2009).

¶ 14    Rule 103(b) does not define a specific time in which a defendant must be served; rather, it requires a plaintiff to exercise "reasonable diligence." *Kole v. Brubaker*, 325 Ill. App. 3d 944, 948-49 (2001). In ruling on a motion challenging the plaintiff's diligence in obtaining service, the trial court "may consider the overall lapse of time between the filing of the first complaint and the ultimate service of summons in the second case." *Muskat v. Sternberg*, 122 Ill. 2d 41, 45 (1988) (citing *Aranda v. Hobart Manufacturing Corp.*, 66 Ill. 2d 616 (1977)). The overall lapse of time that may be considered refers to "the sum total of days before a dismissal and after a refiling, but not the time that passes in between, when no action is pending." *Case v. Galesburg Cottage Hospital*, 227 Ill. 2d 207, 219 (2007). This method of calculating reasonable diligence under Rule 103(b) applies to both voluntary and involuntary dismissals. See *id.* at 218-19 (time that elapses

5

between the voluntary dismissal of a plaintiff's complaint and its refiling is not to be considered by the court); *Aranda*, 66 Ill. 2d at 620 (trial court may consider the "overall span of time" before a complaint is dismissed for want of prosecution and service of process in the refiled case, but not the time in between when there is no action).

¶ 15       Here, plaintiff should not be penalized for neglecting to serve a nonexistent complaint on defendant when there was no pending case. The overall lapse of time may be considered in determining whether plaintiff was reasonably diligent in obtaining service, *i.e.*, the period before the dismissal and after refiling. However, the time that elapsed while the case was dismissed for want of prosecution may not be included in the trial court's diligence calculation.

¶ 16       In *Case*, our supreme court reached the same conclusion while analyzing the lapse of time between the voluntary dismissal of a lawsuit and refiling. *Case*, 227 Ill. 2d at 222. The plaintiffs filed a complaint within weeks of the expiration of the statute of limitations, did not have summons issued on defendant, and voluntarily dismissed the suit one month later. Eleven months passed and the plaintiffs refiled their complaint pursuant to section 13-217 of the Code of Civil Procedure (735 ILCS 5/13-217 (West 1994)). They promptly effectuated service on the defendants 14 days later. The defendants responded by filing a Rule 103(b) motion to dismiss, arguing that the plaintiffs failed to exercise reasonable diligence in obtaining service of process. The trial court agreed and dismissed the plaintiffs' case with prejudice, finding that the passage of a year between the initial filing of the complaint and service on the defendants established a lack of diligence. *Id.* at 211-12.

¶ 17       In reversing the dismissal, our supreme court emphasized that "the pendency of an action that a defendant argues is delayed is central to any determination of whether a passage of time should be considered for purposes of Rule 103(b)." *Id.* at 217. It further explained:

"The requirement of a pending action against which to measure diligence is rooted in simple logic. If an action is dismissed, and not pending, there is no reason to serve a defendant with process. As such, there is nothing to delay, and nothing to be diligent about." *Id.*

The court concluded that the time that elapses between the dismissal of a plaintiff's complaint and its refiling is not to be considered by a circuit court in determining reasonable diligence for purposes of when ruling on a motion to dismiss for violating Rule 103(b). *Id.* at 222.

¶ 18    In *Bank of New York Mellon v. Laskowski*, 2018 IL 121995, ¶ 17, the court reached a similar conclusion while applying a different statute. There, the court concluded that the 60-day deadline for filing a motion to quash service of process under section 15-1505.6(a) of the Illinois Mortgage Foreclosure Law (735 ILCS 5/15-1505.6(a) (West 2012)) is tolled while the underlying case is dismissed for want of prosecution. *Laskowski*, 2018 IL 121995, ¶ 17. The court analyzed the key statutory phrase "[i]n any residential foreclosure action" and noted that 60 days could not pass in a residential foreclosure action if no such action is pending. (Internal quotation marks omitted.) *Id.* ¶ 14. It emphasized that the filing deadline must be tolled because "a party [cannot] comply with the statutory filing deadline in the absence of an active case, even if it wanted to." *Id.* The court concluded that to hold a party accountable for its action or inaction when a case is dismissed for want of prosecution "is to suggest the impossible, both conceptually and practically." *Id.*; see also *Primus Financial Services v. Walters*, 2015 IL App (1st) 151054, ¶¶ 23-24 (refusing to include 14-year period during which default judgment was in place in calculating the length of delay in service under Rule 103(b) because service of process was not possible).

¶ 19    The same logic that controlled *Case* and *Laskowski* should control here. While the complaint was dismissed for want of prosecution and not pending, there was no reason for plaintiff

to attempt service of process and no way for her to do so. There was nothing for her to delay or be diligent about. Even the most diligent plaintiff would have no reason to attempt service on a defendant when no complaint exits. See *Case*, 227 Ill. 2d at 217 (noting there is no reason to serve a defendant when no complaint is pending).

¶ 20    Defendant argues that the rule in *Case* should not apply where, as here, the lawsuit is *involuntarily* dismissed for want of prosecution, citing *Mular v. Ingram*, 2015 IL App (1st) 142439. We find nothing in *Mular* that directs a trial court to include the time between dismissal and refiling when determining diligence in service and find it inapplicable to this case.

¶ 21    The court in *Mular* did not conclude that the time between the dismissal and the reinstated complaint must be considered when the case is dismissed for want of prosecution. It acknowledged that periods during which a lawsuit is voluntarily dismissed by the plaintiff are expressly excluded in calculating the length of delay, citing our supreme court's decision in *Case*. *Id.* ¶ 24. However, it did not cite any authority in support of its belief that the time during which a lawsuit is involuntarily dismissed may be relevant in calculating the plaintiff's reasonable diligence. See *id.*

¶ 22    Further, in reaching its conclusion that the plaintiff did not exercise reasonable diligence, the *Mular* court noted that the period during which a lawsuit is dismissed for want of prosecution *may* be excluded:

"Even if we exclude the period of time during which the lawsuit was dismissed for want of prosecution, the result would be the same: under the circumstances of this case, *Mular*'s 10½-month delay in serving [defendant] exhibits a lack of reasonable diligence and the trial court properly exercised its discretion in dismissing her complaint with prejudice." *Id.* ¶ 30.

8

Thus, contrary to defendant's assertion, *Mular* does not state that the lapse between dismissal and reinstatement *must* be included in the trial court's reasonable diligence calculation.

¶ 23     We agree with defendant's assertion that a plaintiff should not delay in refiling an action that was involuntarily dismissed. However, Rule 103(b) does not measure a party's diligence between dismissal and refiling; it measures diligence in effectuating service of a pending civil suit. See Ill. S. Ct. R. 103(b) (eff. July 1, 2007) (considers reasonable diligence "to obtain service on a defendant"). When moving for dismissal under Rule 103(b), a defendant must make a *prima facie* showing that the plaintiff failed to act with reasonable diligence *in effectuating service* after filing a complaint. *Mular*, 2015 IL App (1st) 142439, ¶ 21. Measuring reasonable diligence in effectuating service requires, first and foremost, a pending action. See *Case*, 227 Ill. 2d at 217 (the pendency of an action that a defendant argues is delayed is central to any determinant of whether a passage of time should be considered for purposes of Rule 103(b)); *Womick v. Jackson County Nursing Home*, 137 Ill. 2d 371, 377 (1990) (notice of the pendency of a suit is significant in determining whether a plaintiff was diligent); *Lafin v. Allstate Insurance Co.*, 168 Ill. App. 3d 1075, 1078 (1988) ("specific purpose of Rule 103(b) is to alert defendants to the pendency of a civil suit"). The pendency of a civil suit is the "simple logic" upon which Rule 103(b) diligence is based. See *Case*, 227 Ill. 2d at 217 ("requirement of a pending action against which to measure diligence is rooted in simple logic"). That logic does not apply from the time a lawsuit is dismissed to the time the suit is refiled, regardless of the nature of the dismissal.

¶ 24     The certified question presented to us is singular and straight forward. We answer it in the negative and remand the case to the trial court for further proceedings.

¶ 25                              III. CONCLUSION

9

¶ 26 For the foregoing reasons, we answer the certified question negatively and remand for further proceedings.

¶ 27 Certified question answered; cause remanded.

¶ 28 JUSTICE SCHMIDT, dissenting:

¶ 29 The majority answers the certified question negatively finding periods in which a complaint is involuntarily dismissed should not be considered for purposes of a Rule 103(b) motion to dismiss. The certified question should be answered in the affirmative. An involuntary dismissal for want of prosecution is a relevant circumstance a court may consider when deciding if a plaintiff exercised due diligence.

¶ 30 Although periods during which a lawsuit is voluntarily dismissed by the plaintiff are not included in calculating the length of the delay in service (*Case v. Galesburg Cottage Hospital*, 227 Ill. 2d 207, 219 (2007)), I conclude the time during which a lawsuit is involuntarily dismissed for want of prosecution where the suit is later reinstated may be included (*Mular v. Ingram*, 2015 IL App (1st) 142439, ¶ 24). While it is not possible to serve a defendant during any period in which the suit is not pending, the fact that the delay is due to plaintiff's inattention to the lawsuit is relevant to an assessment of the totality of the circumstances under Rule 103(b). The involuntary dismissal tends to demonstrate an unnecessary delay in obtaining service on the part of plaintiff, *i.e.*, a general lack of due diligence. A contrary result in this case rewards a dilatory plaintiff whose inattention to the lawsuit results in dismissal for want of prosecution when service has not been obtained. As such, it is unfair to a defendant to allow an inattentive plaintiff to exclude that period in determining whether plaintiff has exercised reasonable diligence. Consequently, the circuit court should have the discretion to consider the effect of plaintiff's delay in serving defendant during the 11-month period when the case was dismissed for want of prosecution.

¶ 31    The majority relies on our supreme court's decision in *Case* to reach the opposite conclusion. *Case* is distinguishable. In *Case*, plaintiff voluntarily dismissed their complaint then refiled the complaint and served defendant a year later. See *Case*, 227 Ill. 2d at 209. The court in *Case* held that the period in which the complaint had been voluntarily dismissed may not be considered for purposes of a Rule 103(b) motion. According to *Case*, the requirement of a pending action is "rooted in simple logic. If an action is dismissed, and not pending, there is no reason to serve a defendant with process. As such, there is nothing to delay, and nothing to be diligent about." *Id.* at 217. That "simple logic" does not extend to the facts of this case.

¶ 32    Here, by contrast, the court dismissed plaintiff's original complaint for want of prosecution—not by some affirmative act on the part of plaintiff. In other words, dismissal was not the result of plaintiff's active participation in the case. Instead, the dismissal was premised on plaintiff's failure to actually pursue her claim. This distinction is significant. While in each scenario a plaintiff cannot serve the complaint, the delay in reinstating or filing a new complaint is a relevant circumstance for the court to consider when determining whether plaintiff exercised diligence. Dismissal for want of prosecution tends to show that a plaintiff has not been diligent in pursuing his or her claims. Plaintiff filed her original complaint on the eve of the expiration of the statute of limitations. After failing to pursue the claim, the court dismissed the complaint for want of prosecution. At that point, a party should diligently move to file a new complaint or reinstate the dismissed action. Plaintiff waited and eventually moved to vacate the dismissal without any showing of due diligence. In fact, plaintiff's new counsel alleged that prior counsel took no affirmative action in the case. Fairness is a two-way street. A defendant should be allowed to challenge a plaintiff's diligence if plaintiff's inattention to the case caused unnecessary delay. Rule 103(b) requires the circuit court to "review the totality of the circumstances, including both lack

11

of reasonable diligence in any previous case voluntarily dismissed or dismissed for want of prosecution." Ill. S. Ct. R. 103(b) (eff. July 1, 2007). The delay in filing a new complaint after it has been involuntarily dismissed for want of prosecution is a circumstance the circuit court should have discretion to consider in ruling on a Rule 103(b) motion. To hold otherwise eliminates the circuit court's ability to consider the totality of the circumstances in deciding a Rule 103(b) motion.

¶ 33    The certified question should be answered in the affirmative.

**No. 3-19-0179**

| | |
|---|---|
| **Cite as:** | *Sievert v. Duzinski*, 2021 IL App (3d) 190179 |
| **Decision Under Review:** | Appeal from the Circuit Court of Will County, No. 17-AR-159; the Hon. Barbara N. Petrungaro, Judge, presiding. |
| **Attorneys for Appellant:** | Michael Resis and Ellen L. Green, of SmithAmundsen LLC, and Mary Jo Bonamino, of Law Office of Steven A. Lihosit, both of Chicago, for appellant. |
| **Attorneys for Appellee:** | Kyler Juckins and Aaron B. Morrow, of Block, Klukas, Manzella & Shell, P.C., of Joliet, for appellee. |