**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2024 IL App (3d) 240018-U

Order filed September 24, 2024

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2024

| | | |
|---|---|---|
| JOSEPH R. FORRESTER, | ) | Appeal from the Circuit Court |
| | ) | of the 12th Judicial Circuit, |
| Plaintiff-Appellant, | ) | Will County, Illinois, |
| | ) | |
| v. | ) | |
| | ) | Appeal No. 3-24-0018 |
| DOROTHY S. SWIERZBINSKI and | ) | Circuit No. 21-LM-711 |
| SCHUYLER D. PICKREN, | ) | |
| | ) | |
| Defendants | ) | Honorable |
| | ) | Jeffrey J. Tuminello, |
| (Dorothy S. Swierzbinski, Defendant-Appellee). | ) | Judge, Presiding. |

_____

JUSTICE PETERSON delivered the judgment of the court.
Presiding Justice McDade and Justice Davenport concurred in the judgment.

_____

**ORDER**

¶ 1     *Held*:   The court abused its discretion by dismissing the complaint with prejudice as to one defendant pursuant to Illinois Supreme Court Rule 103(b).

¶ 2     Plaintiff, Joseph R. Forrester, appeals the Will County circuit court's order dismissing his complaint with prejudice as to defendant, Dorothy S. Swierzbinski, pursuant to Illinois Supreme Court Rule 103(b) (eff. July 1, 2007). Forrester argues that he did not fail to exercise due

diligence in serving Swierzbinski after the statute of limitations expired. We reverse and remand for further proceedings.

¶ 3                                                    I. BACKGROUND

¶ 4            On October 8, 2021, Forrester filed a complaint seeking damages for property damage allegedly caused by Swierzbinski and defendant, Schuyler Pickren. The complaint was based upon a motor vehicle accident that occurred on August 5, 2017. On May 4, 2022, the clerk of the court sent a letter to Forrester's counsel, enclosing a copy of a minute order entered that day which set a hearing for June 30, 2022.  On July 1, 2022, correspondence was sent to Forrester's counsel indicating that on June 30, 2022, the court entered an order dismissing the complaint for want of prosecution due to the failure to appear on June 30, 2022. On July 21, 2022, Forrester moved to vacate the dismissal and reinstate the case. In the motion, counsel stated that he had not been advised of the June 30, 2022, hearing and had not calendared the date for an appearance. Forrester did not notice the motion to vacate until October 28, 2022, and the matter was set for hearing on November 14, 2022. On that day, the court granted the motion to vacate and set the matter for hearing as to status of service on January 9, 2023.

¶ 5            On November 22, 2022, a summons was issued for Swierzbinski and alias summonses were issued for Swierzbinski on January 9, 2023, February 3, 2023, and March 13, 2023. Swierzbinski appears to have been served between March 16, 2023, and March 31, 2023. On March 31, 2023, Swierzbinski filed a motion to dismiss pursuant to Rule 103(b). She argued that Forrester failed to exercise diligence in serving her and indicated that the first summons was issued 410 days after the complaint was filed and 109 days after the expiration of the five-year statute of limitations. Additionally, Swierzbinski argued that she had resided at the same address since 2004, and it was the address listed on the police report. She attached an affidavit attesting

to that, as well as a copy of the police report showing her address. Additionally, Swierzbinski argued that it took Forrester over one year and five months to serve the complaint after it was filed. She further noted that the complaint was not filed for over four years after the accident, the matter had been dismissed for lack of prosecution, and when Forrester moved to vacate the dismissal, he waited months to notice the motion. Swierzbinski argues that the various factors courts consider in determining reasonable diligence weighed in favor of finding a lack of such diligence.

¶ 6        Forrester opposed the motion and argued pursuant to Illinois Supreme Court Rule 103(b) that only his actions after the statute of limitations ran on August 5, 2022, could be taken into consideration. Further, he argued that the court could not consider the time period during which the case was dismissed. As to his attempts to serve the complaint, Forrester argued that the police report produced to counsel by the Illinois State Police did not contain Swierzbinski's address. Forrester attached a copy of the police report sans addresses and asserted it was a true and accurate copy of the police report downloaded from the Illinois State Police's website. Forrester's counsel alleged that when he inquired about the addresses, he was informed that the Illinois State Police redact addresses of all persons identified in police reports. Counsel alleged that his assistant did an internet search which identified Swierzbinski's address as the address listed on the summonses. Further, counsel alleged that before December 2, 2022, he engaged the services of a private investigator. Counsel attached a copy of the email he sent to the investigator seeking service of the summons dated December 2, 2022, and the investigator's response, which indicated he would get the summons served during the upcoming week. After not hearing anything for a few weeks, counsel repeatedly attempted to contact the private investigator and left several unreturned messages. On January 9, 2023, counsel received an email from the private

3

investigator's assistant advising that the private investigator had been ill and in the hospital. This email was attached to the motion. Counsel engaged another private investigator and Swierzbinski's correct address was obtained on March 16, 2023. The summons and correct address were provided to a process server and service was accomplished.

¶ 7 The court held a hearing on the matter and the parties presented argument largely in line with their filings. Additionally, counsel for Swierzbinski noted that while Forrester's copy of the crash report was redacted, he was able to obtain an unredacted copy and that regardless Forrester's counsel could have subpoenaed the Secretary of State to get Swierzbinski's driving abstract or driver exchange information. Swierzbinski's counsel further argued that Forrester did not engage a private investigator until after the statute of limitations expired and Forrester's counsel acknowledged that was correct. The court took the matter under advisement and ultimately dismissed the matter with prejudice, as to Swierzbinski, on July 17, 2023, without stating its reasons. Forrester moved for an Illinois Supreme Court Rule 304(a) finding that there was no just reason to delay enforcement and appeal of the dismissal order. The court made the Rule 304(a) finding, as requested, on December 12, 2023. Forrester appeals.

¶ 8                                                    II. ANALYSIS

¶ 9 Forrester argues that the court abused its discretion by dismissing the complaint with prejudice as to Swierzbinski. He further argues that the court erred by considering the time from when the complaint was initially filed, as well as the time during which the complaint had been dismissed, in its determination that he was not diligent. As such, he asserts that the court dismissed the matter based on a misapplication of the law.

¶ 10 Illinois Supreme Court Rule 103(b) (eff. July 1, 2007) states that "If the failure to exercise reasonable diligence to obtain service on a defendant occurs after the expiration of the

4

applicable statute of limitations, the dismissal shall be with prejudice as to that defendant ***." "In considering the exercise of reasonable diligence, the court shall review the totality of the circumstances, including *** lack of reasonable diligence in any previous case *** dismissed for want of prosecution ***." Dismissal with prejudice under Rule 103(b) is a harsh penalty and public policy favors determining controversies on their merits. *Sievert v. Duzinski*, 2021 IL App (3d) 190179, ¶ 13. The circuit court's decision to dismiss a complaint pursuant to Rule 103(b) will not be reversed absent an abuse of discretion. *Hagemann v. Illinois Workers' Compensation Comm'n*, 399 Ill. App. 3d 197, 204 (2010). "An abuse of discretion occurs only when the trial court's decision is arbitrary, fanciful, or unreasonable or where no reasonable person would take the view adopted by the trial court." *Seymour v. Collins*, 2015 IL 118432, ¶ 41. A court also "abuses its discretion when its decision is based upon a misapplication of law." *In re Marriage of Burns*, 2019 IL App (2d) 180715, ¶ 24. "The plaintiff bears the burden of showing reasonable diligence in the service of process and must provide a reasonable explanation for any apparent lack of diligence." *Kramer v. Ruiz*, 2021 IL App (5th) 200026, ¶ 21. "To meet this burden, the plaintiff must present an affidavit or other evidentiary materials which show that the delay in service was reasonable and justified under the circumstances." *Carman-Crothers v. Brynda*, 2014 IL App (1st) 130280, ¶ 14. "The determination of diligence must be made in light of the totality of the circumstances." *Martinez v. Erickson*, 127 Ill. 2d 112, 122 (1989).

¶ 11        "In ruling on a Rule 103(b) motion, a court may not consider the period or activities before the expiration of the statute of limitations. This is self-evident in the rule itself." *Langford v. Sentry Insurance of Illinois, Inc.*, 193 Ill. App. 3d 386, 388 (1990). The committee comments provide that the latest amendment to Rule 103(b) clarified that a "dismissal which occurred after the expiration of the applicable statute of limitations shall be made with prejudice as to that

defendant if the failure to exercise reasonable diligence to obtain service on the defendant occurred *after* the expiration of the applicable statute of limitations." (Emphasis added.) Ill. S. Ct. R. 103, Committee Comments (adopted June 5, 2007). The parties do not dispute that the applicable statute of limitations in this matter ran in August 2022. As such, the determination as to whether Forrester was diligent in serving the complaint on Swierzbinski can only be based upon his actions, or lack thereof, after that time. Further, in August 2022, there was no complaint pending in this matter as the court had dismissed it for want of prosecution. The matter was not reinstated until November 14, 2022. Therefore, the only time period in which Forrester's diligence in obtaining service can be considered is the approximately 4 to 4 ½ month period from November 14, 2022, until service was effected sometime between March 16 and March 31, 2023. See *Sievert*, 2021 IL App (3d) 190179, ¶ 15 ("[T]he time that elapsed while the case was dismissed for want of prosecution may not be included in the trial court's diligence calculation.").

¶ 12      We acknowledge that Rule 103(b) itself and the caselaw indicate that the totality of the circumstances must be considered, including any lack of diligence in serving a previously dismissed complaint. However, in cases such as the instant matter, where the complaint was filed and dismissed prior to the statute of limitations running, in order to reconcile those indications with the language of the rule itself, which limits consideration to the lack of diligence subsequent to the running of the statute of limitations, any lack of diligence prior to the running of the statute of limitations must only be taken into consideration to give the court context as to the actions taken after the running of the statute of limitations. For example, any prior actions/inaction could be taken into consideration regarding counsel's credibility as to efforts to serve after the statute

of limitations ran. It could further be taken into consideration to determine whether any lack of diligence was purposeful or inadvertent.

¶ 13    Here, there is at most a 4 ½ month period of time during which we directly consider Forrester's actions in attempting to effectuate service. In that timeframe, his counsel (1) issued a summons and three alias summonses, (2) attempted to obtain Swierzbinski's address via the police report, (3) hired a private investigator who advised he would be able to serve the complaint but then became critically ill and out of contact despite various attempts by counsel to contact him, (4) hired a second private investigator to obtain Swierzbinski's address, and (5) hired a process server who effectuated service. Although counsel did not attach an affidavit of his attempts, he did provide documentary evidence in the form of the police report, emails, and invoices. Aside from arguing that her copy of the police report contained her address, Swierzbinski did not challenge the factual allegations regarding Forrester's attempts at service. In light of these attempts and the relatively short period of time at issue, we conclude that the court abused its discretion in determining that Forrester failed to exercise reasonable diligence in serving Swierzbinski after the statute of limitations expired. See *e.g.*, *Segal v. Sacco*, 136 Ill. 2d 282, 288-89 (1990) (finding that an inadvertent delay of 19 weeks between filing the complaint and issuing the summons did not justify dismissal with prejudice in that matter); *Verploegh v. Gagliano*, 396 Ill. App. 3d 1041, 1045 (2009) ("Five to seven months between filing and service of process seems to be the minimum delay generally needed to make a prima facie showing of failure to exercise reasonable diligence."); *Kramer*, 2021 IL App (5th) 200026, ¶ 35 ("[I]n order for a dismissal to be warranted following a delay of only 4½ months, the circuit court would need to also find that the delay was intentional or resulted in the defendants being prejudiced or handicapped in their defense in some manner."); *Martinez*, 127 Ill. 2d at 122 (stating the court

7

cannot disregard obvious diligence on the part of plaintiff after the complaint is refiled or reinstated). Because the court failed to make a record regarding its reasoning, we do not know whether the court misapplied the law with regard to the proper timeframe to consider in assessing diligence as Forrester argues or assessed counsel's efforts in the proper timeframe in an unreasonable fashion. Regardless, the court abused its discretion by dismissing the complaint against Swierzbinski with prejudice.

¶ 14                              III. CONCLUSION

¶ 15        The judgment of the circuit court of Will County is reversed and the matter is remanded.

¶ 16        Reversed and remanded.