Docket No. 103879.

IN THE
SUPREME COURT
OF
THE STATE OF ILLINOIS

LINDA CASE *et al.*, Appellants, v. GALESBURG COTTAGE
HOSPITAL, an Illinois Not-For-Profit Corporation, *et al*., Appellees.

*Opinion filed December 13, 2007.*

JUSTICE BURKE delivered the judgment of the court, with
opinion.
Chief Justice Thomas and Justices Freeman, Fitzgerald, Kilbride,
Garman, and Karmeier concurred in the judgment and opinion.

**OPINION**

At issue in this case is whether a circuit court should include the
time that elapses between a voluntary dismissal of a complaint
pursuant to section 2–1009 of the Code of Civil Procedure (Code)
(735 ILCS 5/2–1009 (West 2006)) and its refiling under section
13–217 of the Code (735 ILCS 5/13–217 (West 1994)) when ruling
on a motion to dismiss a case for violating Supreme Court Rule
103(b) (177 Ill. 2d R.103(b)).

In the instant case, plaintiffs filed their complaint, then voluntarily
dismissed it 25 days later, before any defendant was served.
Approximately 11 months later, plaintiffs refiled their complaint and
served defendants with process within 14 days of refiling. The circuit

court of Knox County dismissed plaintiffs' complaint pursuant to Rule 103(b), finding that the passage of over 12 months between the date of the original filing and the ultimate date of service, as well as additional factors, established a lack of diligence on the part of plaintiffs. The appellate court affirmed. No. 3–05–0474 (unpublished order under Supreme Court Rule 23). For the reasons that follow, we reverse the judgments of the circuit court and the appellate court, and remand the cause to the circuit court.

BACKGROUND

On April 25, 2003, Linda and her husband, Art, filed a complaint against defendants Dr. Myron Stachniw, Galesburg Cottage Hospital (Galesburg), Cottage Health Care Systems (Cottage Health), Galesburg Orthopedic Services, Ltd. (Orthopedic), Cottage Home Options L.L.C. (Cottage Home) and In-Home Medical Supplies and Service, Inc. (In-Home). The complaint alleged that defendants were negligent on May 1, 2001, May 6, 2001, and May 14, 2001. The complaint did not have an attached medical report, as required by section 2–622(a) of the Code (735 ILCS 5/2–622(a) (West 2006)). Instead, plaintiffs' counsel attached an attorney's affidavit requesting 90 days to file a report, as is allowed by section 2–622(a)(2) of the Code (735 ILCS 5/2–622(a)(2) (West 2006)). Upon filing their complaint, plaintiffs instructed the clerk not to issue a summons. No summons was issued on any defendant.

On May 20, 2003, plaintiffs voluntarily dismissed their suit pursuant to section 2–1009 of the Code (735 ILCS 5/2–1009 (West 2006)). Section 2–1009(a) provides: "The plaintiff may, at any time before trial or hearing begins, upon notice to each party who has appeared or each such party's attorney, and upon payment of costs, dismiss his or her action or any part thereof as to any defendant, without prejudice, by order filed in the cause." 735 ILCS 5/2–1009(a) (West 2006).

On April 12, 2004, plaintiffs refiled their complaint under section 13–217 of the Code, which provides:

> "In *** any *** act or contract where the time for commencing an action is limited, if *** the action is voluntarily dismissed by the plaintiff, *** then, whether or not

-2-

the time limitation for bringing such action expires during the pendency of such action, the plaintiff, his or her heirs, executors or administrators may commence a new action within one year or within the remaining period of limitation, whichever is greater, *** after the action is voluntarily dismissed by the plaintiff ***." 735 ILCS 5/13–217 (West 1994).

Plaintiffs' refiled complaint alleged the same dates of negligence by the same defendants as set forth in the first complaint, with the addition of a charge of negligence against Cottage Health on June 13, 2001. The required medical report was attached to the complaint. Process was served on Orthopedic on April 20, 2004, and on all other defendants on April 26, 2004.

On May 21, 2004, after receiving the refiled complaint, defendants filed motions to dismiss, arguing that the two years allowed by section 13–212 of the Code (735 ILCS 5/13–212 (West 2004)) for filing claims of medical malpractice had passed since the last alleged date of negligence in the complaint they received. Defendants then filed an answer to the complaint.

On August 2, 2004, plaintiffs responded to defendants' motion to dismiss by stating that they did not violate the statute of limitations because their original complaint was filed on April 25, 2003, which was less than two years after the alleged dates of negligence in May 2001. Plaintiffs further alleged in their response to defendants' motion to dismiss that they filed their new complaint on April 12, 2004, within one year of the voluntary dismissal.

When defendants learned that plaintiffs had previously filed and voluntarily dismissed the case, and purposely withheld issuing a summons, they filed a motion to withdraw their answer to the complaint. Defendants then filed a motion to dismiss the complaint for lack of reasonable diligence in serving process in violation of Illinois Supreme Court Rule 103(b), which provides:

"If the plaintiff fails to exercise reasonable diligence to obtain service on a defendant, the action as to that defendant may be dismissed without prejudice, with the right to refile if the statute of limitation has not run. The dismissal may be

made on the application of any defendant or on the court's own motion." 177 Ill. 2d R. 103(b).

After a hearing on February 22, 2005, the circuit court held that plaintiffs had violated Rule 103(b) and dismissed the case with prejudice. The circuit court explained its decision in a letter opinion, in which it held that all of the factors it had to consider weighed in favor of defendants. The court held,

> "The length of time used in serving the defendants was a few days short of one year after filing. The plaintiffs voluntarily dismissed the case within a month of filing it, and requested that the clerk hold summons. The defendants are all health care providers in Galesburg, and their locations are readily ascertainable. The defendants had no actual knowledge of the complaint as evidenced by the fact that they filed a Motion to Withdraw their answers after learning of the previous complaint. The plaintiffs did not advance any special circumstances affecting their actions. Finally, the defendants were all served within a few days of the complaint's being filed."

The court also held,

> "[I]n *Lewis v. Dillon*, 352 Ill. App. 3d 512 (1st Dist. 2004), the First District, in dicta, warned against the exact circumstances of this case when it said, '...under plaintiff's reasoning, a party would be permitted to file a lawsuit naming a defendant, not issue summons to that defendant advising him or her of the claim, and then, at some later date, dismiss the defendant due to the inability to obtain a section 2–622 report. To follow this reasoning of "what they don't know won't hurt them" would deny defendants the right to know that they have been named in a lawsuit, not to mention denying them the protections of Rule 103(b).' This is precisely what happened in the case *sub judice*."

The appellate court affirmed the circuit court, with one justice dissenting. In his dissent, Justice Lytton stated that the decisions of the circuit court and the majority ignored plaintiff's statutory right to refile their suit under section 13–217 of the Code of Civil Procedure. The dissent stated, "In order to accomplish the purpose of both

Supreme Court Rule 103(b) and section 13–217 of the Code, courts must consider a plaintiff's diligence prior to dismissal and after refiling but not the period in between when no complaint exists." Counting only the days that passed while the complaints were "on file," the dissent found that defendant went unserved for only 39 days. The dissent found that "such a short period of time does not demonstrate a lack of diligence." We granted plaintiff's petition for leave to appeal. 210 Ill. 2d R. 315.

ANALYSIS

The issue before us is whether the circuit court erred when it granted defendants' motion to dismiss plaintiffs' complaint based on violation of Supreme Court Rule 103(b). A court may consider many factors when determining whether to allow or deny a Rule 103(b) motion, including, but not limited to: (1) the length of time used to obtain service of process; (2) the activities of plaintiff; (3) plaintiff's knowledge of defendant's location; (4) the ease with which defendant's whereabouts could have been ascertained; (5) actual knowledge on the part of the defendant of pendency of the action as a result of ineffective service; (6) special circumstances that would affect plaintiff's efforts; and (7) actual service on defendant. *Segal v. Sacco*, 136 Ill. 2d 282, 286 (1990). There is no specific time limitation provided by Rule 103(b). Rather, a court must consider the passage of time in relation to all the other facts and circumstances of each case individually. *Segal*, 136 Ill. 2d at 285-86. A ruling on a motion to dismiss pursuant to Rule 103(b) will not be disturbed absent an abuse of discretion. *Womick v. Jackson County Nursing Home*, 137 Ill. 2d 371, 376 (1990).

In order to determine if the circuit court abused its discretion by granting defendants' motion to dismiss, we must resolve the threshold issue of whether it was proper for the circuit court to have counted the approximately 11 months that passed between the voluntary dismissal of plaintiffs' complaint on May 20, 2003, and its refiling on April 12, 2004, in its determination of whether plaintiffs obtained service of process on defendants with reasonable diligence. Such a determination requires us to interpret Rule 103(b) and section 13–217 of the Code and is subject to *de novo* review. See *Kankakee County*

*Board of Review v. Property Tax Appeal Board*, 226 Ill. 2d 36, 51 (2007) (questions of statutory interpretation are reviewed *de novo*).

Before this court, plaintiffs argue that the circuit court should have considered their diligence in serving defendants prior to dismissal and after refiling, but not the period in between when no complaint existed. Plaintiffs cite *Aranda v. Hobart Manufacturing Corp.*, 66 Ill. 2d 616 (1977), in support of their argument.

In *Aranda*, the plaintiff's complaint was dismissed for want of prosecution approximately 17 months after it was filed. *Aranda*, 66 Ill. 2d at 617-18. The defendant was never served with process during this time period. Six months later, and three months after the running of the relevant statute of limitations, the plaintiff filed an identical action pursuant to section 24 of the Limitations Act (Ill. Rev. Stat. 1973, ch. 83, par. 24a (the predecessor to section 13–217)) and promptly served the defendant with process. *Aranda*, 66 Ill. 2d at 618. The defendant moved for dismissal pursuant to Rule 103(b). *Aranda*, 66 Ill. 2d at 618. The circuit court then dismissed the case with prejudice, finding that the length of time between the filing of the first suit and the service of summons upon refiling showed a lack of diligence by the plaintiff. *Aranda*, 66 Ill. 2d at 617.

On appeal, we reversed the circuit court, holding that section 24 gave plaintiff an absolute right to refile since his complaint was dismissed for want of prosecution, and his complaint was refiled within the time specified by the statute. *Aranda*, 66 Ill. 2d at 620, citing *Franzese v. Trinko*, 66 Ill. 2d 136 (1977). Specifically, we held:

> "Defendant's motion to dismiss plaintiff's second suit was bottomed on plaintiff's overall lack of diligence in obtaining service of Summons from September 13, 1972, the date of the filing of the complaint in the first case, until July 24, 1974, the date of service of summons in the second case. Service was obtained within 12 days after the filing of the complaint in the second case, which is certainly not a flagrant display of lack of diligence. If the extended period of time of section 24 is to serve any useful purpose, plaintiff must be accorded a reasonable time after refiling his complaint within which to obtain service. We do not say that the court when passing on a motion such as the defendant has filed in this case may not consider an overall span of time between the filing of the first

complaint and the ultimate service of summons in the second case in assessing plaintiff's diligence. In doing so, however, the period of time within which plaintiff must obtain service following the refiling of his suit under section 24 cannot be so abbreviated as to make the right granted by that section meaningless." *Aranda*, 66 Ill. 2d at 620.

Plaintiffs argue that, by including the time between dismissal and refiling in its consideration of reasonable diligence, the appellate court has limited plaintiffs' use of section 13–217 to the extent that the right to refile granted by that statute is essentially meaningless. We agree.

Section 13–217 operates as a savings statute, with the purpose of facilitating the disposition of litigation on the merits and avoiding its frustration upon grounds unrelated to the merits. *S.C. Vaughan Oil Co. v. Caldwell, Troutt & Alexander*, 181 Ill. 2d 489, 497 (1998). Section 13–217 grants a plaintiff who voluntarily dismisses his complaint the right to refile within "one year or within the remaining period of limitation, whichever is greater." 735 ILCS 5/13–217 (West 2006). If we were to hold that the Rule 103(b) clock may continue running after a complaint is dismissed, we would essentially be reducing the time to refile granted by section 13–217 from "one year or within the remaining period of limitation, whichever is greater," to a period subject to the discretion of the circuit court. As we held in *Aranda*, section 13–217 grants a plaintiff the absolute right to refile a dismissed complaint. We may not infringe upon this statutory right to refile.

Defendants do not argue that plaintiffs do not have a statutory right to refile, but contend that such a right is still subject to the expectations of reasonable diligence that Rule 103(b) was created to enforce. In support of their argument, defendants cite several passages from *O'Connell v. St. Francis Hospital*, 112 Ill. 2d 273 (1986), that emphasize how Rule 103(b) effectuates our historical and constitutional mandate to render justice fairly and without delay. Defendants quote passages such as "[n]othing is more critical to the judicial function than the administration of justice without delay" and "[d]ue diligence in serving process is essential to this purpose, for it is the sole legally sufficient means of alerting defendants to the pendency of a civil suit." *O'Connell*, 112 Ill. 2d at 282. As applied to

this case, however, *O'Connell* does not support defendants' argument, as the decision relates only to *pending* actions.

In *O'Connell*, the plaintiff filed his complaint on the last day possible under the statute of limitations, then served the defendants some eight months later. *O'Connell*, 112 Ill. 2d at 277. When the defendants filed a Rule 103(b) motion to dismiss, the plaintiff filed a motion to voluntarily dismiss his complaint under section 2–1009, which the court granted. *O'Connell*, 112 Ill. 2d at 277-78. Less than a month later, plaintiff refiled his complaint pursuant to section 13–217 and served defendants with process. *O'Connell*, 112 Ill. 2d at 278. The defendants then filed another Rule 103(b) motion to dismiss. *O'Connell*, 112 Ill. 2d at 278. Apparently believing that the plaintiff had an absolute right to refile under section 13–217 even when a Rule 103(b) motion was pending, the circuit court denied the defendants' Rule 103(b) motion without holding a hearing on the merits. *O'Connell*, 112 Ill. 2d at 278.

We reversed the circuit court and remanded the case to the circuit court, holding:

> "[W]here a plaintiff relies on section 2–1009 and 13–217 in response to a pending Rule 103(b) motion, the Rule 103(b) motion must be heard on its merits prior to a ruling on plaintiff's motion to dismiss under section 2–1009. We further hold that, in ruling on the pending Rule 103(b) motions, the trial court may consider the circumstances surrounding plaintiff's service of process on his original as well as his refiled complaint." *O'Connell*, 112 Ill. 2d at 283.

In the instant case, there was no delay of a pending action such as there was in *O'Connell*. This is an important difference between the cases because the pendency of an action that a defendant argues is delayed is central to any determination of whether a passage of time should be considered for purposes of Rule 103(b). See *O'Connell*, 112 Ill. 2d at 282 (due diligence is "the sole legally sufficient means of alerting defendants to the *pendency* of a civil suit" (emphasis added)). The requirement of a pending action against which to measure diligence is rooted in simple logic. If an action is dismissed, and not pending, there is no reason to serve a defendant with process. As such, there is nothing to delay, and nothing to be diligent about. See also *Segal*, 136 Ill. 2d at 287 (the fifth factor a circuit court is

instructed to consider when determining due diligence is "actual knowledge *** of *pendency* of the action as a result of ineffective service" (emphasis added)); *Womick*, 137 Ill. 2d at 377 (actual notice of the *pendency* of a suit is significant in that it may affect a court's determination of whether a plaintiff was diligent); *Lafin v. Allstate Insurance Co.*, 168 Ill. App. 3d 1075, 1078 (1988) ("the specific purpose of Rule 103(b) is to alert defendants to the *pendency* of a civil suit" (emphasis added)).

Defendants also rely on *Muskat v. Sternberg*, 122 Ill. 2d 41 (1988), in support of their argument. In *Muskat*, the plaintiff filed her complaint one day before the expiration of the relevant statute of limitations. *Muskat*, 122 Ill. 2d at 43. During the next two years, the plaintiff did not obtain service of process on any of the defendants. *Muskat*, 122 Ill. 2d at 43. The action was then dismissed for want of prosecution. *Muskat*, 122 Ill. 2d at 43. The plaintiff refiled her complaint a year later pursuant to section 13–217. *Muskat*, 122 Ill. 2d at 43. Defendants were served with process three months after the refiling and responded by filing a Rule 103(b) motion to dismiss. *Muskat*, 122 Ill. 2d at 43. The circuit court denied defendants' motion, holding that only the time between the refiling and the service on defendants was to be counted, and that three months did not constitute lack of diligence. *Muskat*, 122 Ill. 2d at 43. The appellate court reversed and remanded the case, holding that the plaintiff's lack of reasonable diligence in obtaining service in the original lawsuit may be considered in ruling on a Rule 103(b) motion. *Muskat*, 122 Ill. 2d at 44.

We affirmed the appellate court and remanded the case to the circuit court. In our analysis, we revisited our ruling in *Aranda*, stating,

> "After noting the diligence displayed by the plaintiff in *Aranda*, this court stated that a court, in passing on a motion challenging the plaintiff's diligence in obtaining service, may consider the overall lapse of time between the filing of the first complaint and the ultimate service of summons in the second case." *Muskat*, 122 Ill. 2d at 45.

We further noted that "[t]he wording of Rule 103(b) requires that the exercise of diligence in obtaining service of process after the expiration of the statute of limitations be considered whether that lack

of diligence occured in the first suit or after it had been dismissed and refiled." *Muskat*, 122 Ill. 2d at 48-49.

Defendants now attempt to use the "overall lapse of time" language in *Muskat* as support for their argument that the circuit court properly included the time that elapsed between the voluntary dismissal and refiling of plaintiffs' claim. We find defendants' reliance on that phrase to be misguided.

The phrase "overall lapse of time" comes from our decision in *Aranda*, where we stated, "We do not say that the court *** may not consider an overall span of time ***." *Aranda*, 66 Ill. 2d at 620. That sentence, in turn, directly follows a section in which we held that a plaintiff has an absolute right under section 24 to refile a dismissed complaint, and that a court must accord him "a reasonable time after refiling *** within which to obtain service." *Aranda*, 66 Ill. 2d at 620. The "overall span of time" sentence was meant to alert the circuit court that it must not focus solely on the time after refiling when making its determination (which is what the *Muskat* plaintiff argued it should do) but should also include the time prior to dismissal. *Muskat* reaffirms *Aranda*'s conclusion in its holding that a "voluntary dismissal under section 2–1009 and *** refiling under section 13–217 does not insulate the plaintiff from the lack of diligence displayed prior to the dismissal." *Muskat*, 122 Ill. 2d at 49. In other words, the "overall span of time" refers to the sum total of days before a dismissal and after a refiling, but not the time that passes in between, when no action is pending.

We have consistently considered the periods before a dismissal and after a refiling as separate entities that are to be added together in determining diligence. See *Martinez v. Erickson*, 127 Ill. 2d 112, 119 (1989) ("A ruling on a Rule 103(b) dismissal motion, made following service of process of a refiled action, therefor requires an examination of the plaintiff's diligence in the original action as well as in the refiled action even if service was never effected in the original action"); *Catlett v. Novak*, 116 Ill. 2d 63, 71 (1987) (" 'his original as well as his refiled complaints' "), quoting *O'Connell*, 112 Ill. 2d at 283; *Womick v. Jackson County Nursing Home*, 137 Ill. 2d 371, 374-75 (1990) (time periods before a dismissal and a refiling of a complaint treated as separate entities, with no inclusion of the interim period).

-10-

Defendants lastly contend that *Lewis v. Dillon*, 352 Ill. App. 3d 512 (2004), which the circuit court relied on, addresses a set of facts almost identical to those present here and supports their argument. We disagree.

In *Lewis*, the plaintiff filed a complaint for medical malpractice shortly before the relevant statute of limitations had run. *Lewis*, 352 Ill. App. 3d at 513-14. The plaintiff did not attach a medical report to his complaint, but did file a section 2–622(a)(2) affidavit declaring that he was unable to file the report before the expiration of the statute of limitations. *Lewis*, 352 Ill. App. 3d at 514. The plaintiff then filed the required medical report a few days before the additional 90-day period granted by section 2–622(a)(2) expired. *Lewis*, 352 Ill. App. 3d at 514. Two more months elapsed before the plaintiff finally obtained service of process on the defendants. *Lewis*, 352 Ill. App. 3d at 514. In all, a total of five months elapsed between the filing of the complaint and service on the defendants. *Lewis*, 352 Ill. App. 3d at 514. Upon being served, the defendants filed Rule 103(b) motions to dismiss. *Lewis*, 352 Ill. App. 3d at 515. In response, the plaintiff argued that he had an objectively reasonable basis for the delay in service, namely, that he intentionally withheld service until he was able to obtain the necessary section 2–622 medical report. *Lewis*, 352 Ill. App. 3d at 515. The circuit court granted defendant's Rule 103(b) motion, holding that " 'there is no authority to support plaintiff's argument that the malpractice complaint was not "viable" until a [section] 2–622 affidavit is obtained.' " *Lewis*, 352 Ill. App. 3d at 519.

On appeal, the plaintiff admitted that his delay in obtaining service was intentional, but excusable because he did not want to serve the defendants until he had a medical report that made his complaint "viable." *Lewis*, 352 Ill. App. 3d at 519. Before the appellate court, the plaintiff attempted to justify his intentional delay by stating that even if he served the defendants before they received the section 2–622 report, " 'nothing was going to transpire' " in the case until the report was filed, and that, if the court found that he did not have a viable claim against the defendants, he would have filed a motion seeking dismissal of his complaint–at some point. *Lewis*, 352 Ill. App. 3d at 519.

The *Lewis* court rejected the plaintiff's explanations and affirmed the circuit court, holding that a plaintiff cannot choose to delay

serving defendants for an indefinite period while he ascertains whether he has a meritorious claim and *then* contend that there was no unreasonable delay because nothing was going to happen until he filed the medical report. *Lewis*, 352 Ill. App. 3d at 519. The *Lewis* court continued:

> "Plaintiff's proposed practice would allow an entire case to be filed and dismissed without the defendant even knowing he or she was named. Specifically, under plaintiff's reasoning, a party would be permitted to file a lawsuit naming a defendant, not issue summons to that defendant advising him or her of the claim, and then, at some later date, dismiss the defendant due to the inability to obtain a section 2–622 report. To follow this reasoning of 'what they don't know won't hurt them' would deny defendants the right to know that they have been named in a lawsuit, not to mention denying them the protections of Rule 103(b)." *Lewis*, 352 Ill. App. 3d at 520.

We find nothing in *Lewis* that directs a circuit court to include the time between dismissal and refiling when determining diligence in service and find it inapplicable to the instant case for several reasons. First, the ruling in *Lewis* focuses on the diligence of a plaintiff who had a complaint pending for over five months, and whether such a delay in service could be excused by the fact that the report necessary for a medical malpractice claim was not ready. Further, the "warning" set forth in *Lewis* was merely *dicta*, and applies only to a circuit court's exercise of discretion when considering the lapse of time between the filing of a complaint and its service. Finally, *Lewis* does not mention or discuss the interplay between dismissals, section 13–217 refilings, and Rule 103(b) that is the crux of the instant case.

We note that our holding today comports with the stated purpose of Rule 103(b). We have held that " '[p]revention of intentional delay in the service of summons which would postpone service for an indefinite time after a statutory period of limitations has run, was a primary reason for the passage of Supreme Court Rule 103(b) and its predecessors.' " *Segal*, 136 Ill. 2d at 286-87, quoting *Karpiel v. LaSalle National Bank of Chicago*, 119 Ill. App. 2d 157, 160 (1970). Plaintiff's actions in the instant case did not "postpone service for an indefinite time." Instead, by voluntarily dismissing, plaintiff created a

strict deadline for the refiling of his complaint, namely, one year from the date of dismissal.

For the forgoing reasons, we hold that the time that elapses between the dismissal of a plaintiff's complaint and its refiling pursuant to section 13–217 is not to be considered by a court when ruling on a motion to dismiss for violation of Rule 103(b). In this case, the circuit court improperly included this passage of time in reaching its conclusion that plaintiffs did not serve defendants with reasonable diligence.

We note that the length of time used to obtain service of process is not the only factor a court must consider when ruling on a motion to dismiss based on violations of Rule 103(b). Rather, a court must consider the passage of time in relation to all the other facts and circumstances of each case individually. *Segal*, 136 Ill. 2d at 285-86. For this reason, we remand the cause to the circuit court with instructions to reconsider defendants' motion to dismiss plaintiffs' complaint without including the period of time between its dismissal and its refiling.


CONCLUSION

For the foregoing reasons, we reverse the judgments of the circuit and appellate courts and remand the cause to the circuit court for further proceedings consistent with this opinion.


*Appellate court judgment reversed;*
*circuit court judgment reversed;*
*cause remanded.*