2024 IL App (1st) 221150-U

No. 1-22-1150

Order filed May 28, 2024.

First Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| TAMERA HUNTER, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | No. 20 M6 6546 |
| | ) | |
| COUNTY OF COOK, | ) | The Honorable |
| | ) | Carrie E. Hamilton, |
| Defendant-Appellee. | ) | Judge Presiding. |

JUSTICE LAVIN delivered the judgment of the court.
Presiding Justice Fitzgerald Smith and Justice Coghlan concurred in the judgment.

**ORDER**

¶ 1   *Held*:   The circuit court did not abuse its discretion when it dismissed plaintiff's complaint with prejudice under Supreme Court Rule 103(b) where plaintiff's 14-month delay in serving defendant was *prima facie* evidence that she failed to act with due diligence.

¶ 2   Plaintiff Tamera Hunter appeals from an order of the circuit court dismissing her complaint with prejudice under Illinois Supreme Court Rule 103(b) (eff. July 1, 2007) for failing to exercise reasonable diligence in obtaining service on defendant, Cook County, and under section 2-619 of

the Illinois Code of Civil Procedure (Code) (735 ILCS 5/2-619 (West 2022)) for naming the wrong defendant. On appeal, plaintiff contends she satisfied the due diligence standard in Rule 103(b) where she made good faith attempts to serve defendant from the inception of her lawsuit. Plaintiff further contends defendant waived its Rule 103(b) objection when defendant entered its appearance, requested additional time to answer the complaint, and did not object until a month thereafter. For the following reasons, we affirm.

¶ 3    On October 13, 2020, plaintiff filed a personal injury action against defendant. In her complaint, plaintiff alleged that on October 15, 2019, she was sitting on a chair outside a courtroom at the Markham Courthouse when the chair broke and she fell, sustaining serious injuries. Plaintiff alleged defendant was negligent in exercising reasonable care to properly maintain the premises. She requested a judgment of more than $30,000 for medical expenses and pain and suffering.

¶ 4    On November 23, 2020, plaintiff issued a summons to be served on defendant at the Cook County State's Attorney's Office at 69 West Washington in Chicago. On November 30, 2020, plaintiff issued a second summons to be served on defendant at the same office. On December 17, 2020, the Cook County Sheriff's Office filed an affidavit indicating the summons was not served because the State's Attorney's Office refused to accept it.

¶ 5    The circuit court's case summary sheet in the common law record indicates that on January 13, 2021, the court entered an order allowing plaintiff to issue an alias summons. There is no indication that an alias summons was issued at this time.

¶ 6    The case summary sheet further shows that on March 24, 2021, the circuit court entered another order allowing an alias summons to issue. The case summary shows that an alias summons was issued on March 29, 2021, but the record does not reflect any attempts to serve the summons.

¶ 7    Also on March 29, plaintiff filed a motion to appoint a special process server to serve an alias summons on defendant at the Cook County State's Attorney's Office at 69 West Washington. On April 19, 2021, the circuit court granted plaintiff's motion. There is no indication in the record that an alias summons was issued.

¶ 8    The case summary sheet indicates that on August 12, 2021, the circuit court granted a second request from plaintiff to appoint a special process server and issue an alias summons on defendant. The record does not indicate that an alias summons was issued.

¶ 9    On October 21, 2021, plaintiff filed a motion to appoint a different special process server to serve defendant. That same day, the circuit court appointed the special process server and ordered that an alias summons be issued immediately.

¶ 10    On October 26, 2021, an alias summons was issued to serve defendant at the Cook County State's Attorney's Office at 69 West Washington. The record does not reflect any attempts to serve the summons.

¶ 11    On December 7, 2021, the circuit court entered an order finding defendant in default and continuing the case to January 13, 2022.

¶ 12    On December 20, 2021, plaintiff issued an alias summons to serve defendant as the "County of Cook" at 118 North Clark Street in Chicago. There is no affidavit of service in the record. Defendant acknowledges, however, that it was served on December 27, 2021.

¶ 13    On January 7, 2022, defendant filed its appearance in this case. On January 13, 2022, the circuit court entered an agreed order vacating the default finding against defendant, granting defendant 28 days to file a responsive pleading, and continuing the case for status.

¶ 14 On February 10, 2022, defendant filed a motion to dismiss plaintiff's complaint under Rule 103(b) due to lack of diligence in effectuating service. Defendant argued that plaintiff failed to serve a government entity at a well-established and identifiable place of service until 14 months after filing her complaint and after the one-year statute of limitations to commence her action had expired. Plaintiff had filed her complaint just two days before the statute of limitations expired. Defendant also pointed out that the Cook County State's Attorney's Office, on which plaintiff had attempted service, was a separate and distinct entity from defendant. Defendant argued that dismissals as short as five or seven months after the statute of limitations had expired had been upheld. Further, plaintiff had allowed several months to pass without any efforts to serve defendant. Alternatively, defendant argued that, if service was found reasonable, plaintiff's complaint should be dismissed under section 2-619 of the Code because defendant was not the proper party to the action.

¶ 15 On April 20, 2022, plaintiff emailed her response to defendant's motion to dismiss to defendant's counsel and the circuit court but apparently never filed it with the clerk of the circuit court. Defendant attached plaintiff's response to its subsequent reply. In her response, plaintiff argued that she acted with reasonable diligence in serving defendant where she had "limited knowledge as to the proper party." Plaintiff claimed that she issued the summons in a timely manner and timely requested appointment of a special process server. Plaintiff asserted that defendant had not argued that it suffered any prejudice or that plaintiff intentionally delayed service. Plaintiff further stated that defendant's motion should be denied because cases should be decided on their merits. In addition, plaintiff claimed, in a conclusory statement, that defendant had waived its Rule 103(b) objection based on its "posture" at the last court date. Plaintiff did not

further expound on her waiver argument. Plaintiff concluded that defendant failed to provide a reasonable basis upon which her complaint should be dismissed.

¶ 16    Plaintiff also submitted a motion to amend her complaint to "sue the correct party." She stated that after filing her complaint, she learned that the correct defendant was the Sheriff of Cook County rather than the County of Cook.

¶ 17    In its reply, defendant stated that it had not waived its Rule 103(b) objection. Defendant disagreed with several dates plaintiff had listed in her response regarding alleged service activity. Nonetheless, defendant argued that, even using plaintiff's dates, the timeline demonstrated plaintiff's consistent pattern of failing to make diligent efforts to ensure timely service. Defendant discussed seven factors that must be considered when ruling on a Rule 103(b) motion. Defendant pointed out that, rather than addressing those factors, plaintiff had merely asserted that defendant was eventually served and not prejudiced by the delay. Defendant argued that whether it suffered prejudice was immaterial because it was not the proper defendant and, thus, not responsible for plaintiff's injury as a matter of law.

¶ 18    Following a hearing on June 24, 2022, the circuit court granted defendant's motion and dismissed plaintiff's complaint under Rule 103(b) and section 2-619 of the Code. In its written order, the court first noted that plaintiff acknowledged that she named the wrong defendant and had moved to amend her complaint to name the sheriff as the defendant rather than the county. Consequently, the court granted defendant's motion to dismiss pursuant to section 2-619 "without opposition."

¶ 19    The circuit court further found that plaintiff's 14-month delay in serving defendant was a "*prima facie* showing" that she failed to exercise reasonable diligence. The court cited multiple

cases where delays of 5, 7, and 13 months had been upheld as *prima facie* evidence of lack of diligence. The court found:

"The docket reflects that service was attempted on only two of the summons issued: the very first one in November 2020 and the final one in late December 2021. The docket also reflects several times when the Court allowed for an alias summons to issue and the plaintiff never did so. Importantly, plaintiff was attempting to serve the County of Cook, a government entity whose whereabouts were easily ascertainable. *** The sheriff attempted service, the Court allowed numerous alias summons and granted motions to appoint a special process server."

¶ 20     The court pointed out that, in her response, plaintiff did not address any of the above considerations, nor did she provide an affidavit or other evidence to support her assertions. The court noted that plaintiff claimed there was an affidavit of non-service on the State's Attorney's Office on October 29, 2021, and service on defendant on November 2, 2021. However, neither of her claims were supported by an affidavit. Significantly, the court's order further explained:

"When asked at oral argument if plaintiff had proof of either of these assertions, none was provided. In addition, Plaintiff failed to provide any explanation as to why the Court allowed for alias summons to be issued and, several times, Plaintiff failed to have an alias summons issued. Plaintiff provided no explanation as to why she continued to attempt service on the Cook County State's Attorney, after the Sheriff's return of service clearly indicated that entity had refused to accept service. Plaintiff provided no information about attempts that she made to determine how and where to serve the County of Cook. Most

importantly, plaintiff failed to provide any explanation whatsoever as to why it took 14 months to serve the County of Cook."

¶ 21 The court noted that plaintiff's sole argument had been that defendant failed to show any prejudice based on the 14-month delay in service. The court pointed out, however, that defendant had no basis to argue prejudice because it was not the proper defendant. Thus, defendant could not argue that evidence was stale, witnesses could not be located, or memories had lapsed. The court noted that, at oral argument, when asked how the wrong defendant could show prejudice, counsel's response was, "I don't know."

¶ 22 Plaintiff did not submit a report of proceedings from the oral argument, in any format, to this court as part of the record on review.

¶ 23 On appeal, plaintiff contends that the circuit court abused its discretion when it dismissed her personal injury action. Plaintiff argues that she satisfied the due diligence standard in Rule 103(b) where she made good faith attempts to serve defendant from the inception of her lawsuit. Plaintiff further claims defendant waived its Rule 103(b) objection when it entered its appearance, requested time to answer the complaint, and did not file its objection until a month thereafter.

¶ 24 Defendant responds that this court should dismiss this appeal due to plaintiff's "flagrant noncompliance" with Illinois Supreme Court Rule 341 (eff. Oct. 1, 2020) where her brief "ignores virtually every requirement" of the rule. Alternatively, defendant argues that the circuit court correctly dismissed plaintiff's complaint under Rule 103(b) because plaintiff did not exercise due diligence in obtaining service. Defendant further argues that it did not waive its Rule 103(b) objection because filing an appearance and requesting time to file a motion to dismiss are not acts that constitute an active defense of the case on the merits.

¶ 25    Initially, we observe that plaintiff's brief fails to comply with many of the requirements of Rule 341(h). The brief fails to present the facts and procedural history necessary for our understanding of the case and, instead, directs this court to obtain the facts from plaintiff's response to the motion to dismiss contained in the record. The statement of jurisdiction is incomplete. The argument section is conclusory and lacks legal analysis and citation to the record. Plaintiff failed to include an appendix as required by Rule 341(h)(9) and Supreme Court Rule 342 (eff. Oct. 1, 2019). In addition, the brief is single-spaced in violation of Rule 341(a).  Based on plaintiff's noncompliance with the rules, this court could grant defendant's request to dismiss the appeal. *Ellis v. Flannery*, 2021 IL App (1st) 201096, ¶ 8. However, striking a brief or dismissing an appeal is a harsh sanction and only appropriate where the rule violations hinder our ability to review the case. *Battle v. Chicago Police Department*, 2022 IL App (1st) 200083, ¶ 9. Here, because we have the benefit of a cogent appellees' brief (see *Twardowski v. Holiday Hospitality Franchising, Inc.*, 321 Ill. App. 3d 509, 511 (2001)), we choose to entertain the appeal (see *Harvey v. Carponelli*, 117 Ill. App. 3d 448, 451 (1983)).

¶ 26    Dismissal of a complaint under Rule 103(b) is within the sound discretion of the circuit court. *Segal v. Sacco*, 136 Ill. 2d 282, 286 (1990). Consequently, the circuit court's dismissal of a complaint under Rule 103(b) will not be disturbed absent an abuse of discretion. *Case v. Galesburg Cottage Hospital*, 227 Ill. 2d 207, 213 (2007).

¶ 27    Rule 103(b) provides, in relevant part:

> "If the plaintiff fails to exercise reasonable diligence to obtain service on a defendant prior to the expiration of the applicable statute of limitations, the action as to that defendant may be dismissed without prejudice. If the failure to exercise reasonable

diligence to obtain service on a defendant occurs after the expiration of the applicable statute of limitations, the dismissal shall be with prejudice as to that defendant." The rule further states, "[i]n considering the exercise of reasonable diligence, the court shall review the totality of the circumstances."

¶ 28    Rule 103(b) does not provide a specific time limitation for effectuating service. *Case*, 227 Ill. 2d at 213. Instead, the court must consider the passage of time in relation to all the other facts and circumstances in each individual case. *Id.* When ruling on a Rule 103(b) motion to dismiss, the court may consider many factors including, but not limited to: (1) the length of time plaintiff used to obtain service of process; (2) plaintiff's activities; (3) plaintiff's knowledge of where defendant was located; (4) the ease with which plaintiff could have ascertained defendant's whereabouts; (5) whether defendant had actual knowledge of the pending action as a result of ineffective service; (6) any special circumstances that affected plaintiff's efforts; and (7) actual service on defendant. *Id.* at 212-13.

¶ 29    When moving to dismiss a complaint under Rule 103(b), a defendant has the initial burden of presenting a *prima facie* showing that the plaintiff failed to exercise reasonable diligence in obtaining service after filing the complaint. *Emrikson v. Morfin*, 2012 IL App (1st) 111687, ¶ 17. After the defendant establishes that the time between the date the complaint was filed and the date of service shows a lack of diligence, the burden then shifts to the plaintiff to provide a satisfactory explanation for the delay in service. *Id.* Absent a sufficient explanation, the circuit court is justified in granting the motion to dismiss under Rule 103(b). *Id.*

¶ 30    Courts have held that periods as short as five months between the filing of a complaint and service on the defendant established *prima facie* showings that the plaintiff failed to act with

reasonable diligence in effectuating service. *Id.* (citing *Verploegh v. Gagliano*, 396 Ill. App. 3d 1041, 1045 (2009) and *Long v. Elborno*, 376 Ill. App. 3d 970, 980 (2007) (seven months showed a lack of reasonable diligence)).

¶ 31    Here, the record reveals that the circuit court did not abuse its discretion when it found that plaintiff failed to act with reasonable diligence in serving defendant and dismissed the complaint with prejudice under Rule 103(b). Plaintiff filed her complaint on October 13, 2020, just two days before the statute of limitations was set to expire on October 15. Defendant was not served until December 27, 2021, more than 14 months after the complaint was filed and after the statute of limitations had expired. The circuit court correctly noted in its order that courts have upheld Rule 103(b) dismissals under much shorter delays.

¶ 32    The record further shows that the circuit court considered the totality of the circumstances in this case, applied the seven factors enumerated above, and concluded that the 14-month delay was a *prima facie* showing that plaintiff failed to exercise reasonable diligence. The court found that plaintiff attempted service on only two of the numerous summonses that been issued – once in November 2020, which was returned after the State's Attorney's Office refused service, and once in December 2021 when service was finally obtained. The court noted that it granted multiple motions to appoint a special process server and allowed for an alias summons to be issued several times, but plaintiff never did so. The court found it significant that plaintiff was attempting to serve Cook County, which was a government entity whose whereabouts were easily ascertainable.

¶ 33    The record also shows that, after finding that defendant made a *prima facie* showing of unreasonable delay, the circuit court properly shifted the burden to plaintiff to provide an explanation for the delay. In its written order, the court pointed out that plaintiff did not address

any of the above considerations in her written response to defendant's motion to dismiss. The court noted that it asked plaintiff during oral argument if she had any affidavits or proof to support her assertions that she acted with diligence, but plaintiff had none. The court stated that plaintiff failed to provide any explanation as to why she failed to have an alias summons issued after the court had allowed her to do so several times. Plaintiff provided no explanation as to why she continued to attempt service on the State's Attorney's Office after that office had refused to accept service. Plaintiff provided no information about attempts that she made to determine how and where to serve defendant. The court stated, "[m]ost importantly, plaintiff failed to provide any explanation whatsoever as to why it took 14 months to serve the County of Cook."

¶ 34    The record thereby demonstrates that the circuit court gave plaintiff ample opportunity to present evidence or otherwise explain how her delay in serving defendant was reasonable, but plaintiff failed to do so. Based on this record, we find no abuse of discretion by the circuit court in granting defendant's motion to dismiss plaintiff's complaint under Rule 103(b). *Case*, 227 Ill. 2d at 213.

¶ 35    In reaching this conclusion, we find no merit in plaintiff's argument that defendant waived its Rule 103(b) objection by filing an appearance and requesting time to file its motion to dismiss. A defendant may waive its objection to an unreasonable delay in service by actively defending the action on its merits without raising a Rule 103(b) defense during the initial stages of the litigation. *Gatto v. Nelson*, 142 Ill. App. 3d 284, 292 (1986). A defendant does not waive its objection under Rule 103(b) by filing a general appearance and a motion to dismiss. *Schusterman v. Northwestern Medical Faculty Foundation*, 195 Ill. App. 3d 632, 637 (1990).

¶ 36    Here, the record shows that defendant did nothing to defend the litigation on the merits. It merely filed its appearance, then filed the motion to dismiss the complaint under Rule 103(b) for lack of diligent service and under section 2-619 of the Code as it was not the proper defendant. Thus, defendant did not waive its objection.

¶ 37    For these reasons, we affirm the judgment of the circuit court of Cook County.

¶ 38    Affirmed.