2026 IL App (1st) 251160-U

SECOND DIVISION
April 14, 2026

No. 1-25-1160

**NOTICE**: This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

---

**IN THE**
**APPELLATE COURT OF ILLINOIS**
**FIRST JUDICIAL DISTRICT**

---

| | |
|---|---|
| GREGORY T. THOMPSON, as Beneficiary of the Betty Jane Coffman Lill Revocable Trust Dated August 4, 2003, | ) Appeal from the<br>) Circuit Court of<br>) Cook County |
|     Plaintiff-Appellant, | )<br>) |
|  v. | ) No. 2025 L 000151 |
| | ) |
| KENNETH A. PIERCEY and PIERCEY & ASSOCIATES, LTD., | ) Honorable<br>) Jerry A. Esrig, |
|     Defendants-Appellees. | ) Judge, Presiding. |

---

JUSTICE D.B. WALKER delivered the judgment of the court.
Presiding Justice Van Tine and Justice Ellis concurred with the judgment.

**ORDER**

¶ 1     *Held*: We affirm the trial court's dismissal of plaintiff's legal malpractice complaint where plaintiff did not exercise diligence in serving defendants pursuant to Rule 103(b).

¶ 2     Plaintiff Gregory T. Thompson appeals the trial court's judgment dismissing his legal malpractice complaint against defendants, Kenneth A. Piercey and Piercey & Associates, Ltd. In dismissing the case with prejudice, the trial court found that plaintiff failed to exercise reasonable diligence to obtain service on defendants. On appeal, plaintiff contends that the trial court abused

its discretion in dismissing his complaint where (1) defendants were not prejudiced by the delay in service; (2) considering the totality of the circumstances, plaintiff acted with reasonable diligence; and (3) plaintiff had a statutory right to effectively extend the statute of limitations by voluntarily dismissing his case, and he served defendants shortly after refiling his case. For the following reasons, we affirm.

¶ 3                                    I. BACKGROUND

¶ 4      Defendants provided plaintiff's mother, Betty Jane Coffman (a/k/a Betty Jane Coffman Lill) with estate planning services for more than 20 years. During that time, defendants prepared the Betty Jane Coffman Revocable Trust Agreement (trust agreement), which Ms. Coffman executed on August 14, 2003. The trust gifted specific real property to each of Ms. Coffman's three children: plaintiff, Donna Jean Perkowski, and Homer Coffman.

¶ 5      In 2013, defendants drafted the operating agreement for Tyre Properties, LLC, of which Ms. Coffman was the sole member. She executed this agreement on March 18, 2013. The operating agreement provided for the distribution of the same real properties addressed by the trust.

¶ 6      On May 1, 2013, Ms. Coffman executed an amendment of the trust agreement prepared by defendants. Ms. Coffman subsequently executed three more amendments, each drafted by defendants. The final amendment, executed by Ms. Coffman on October 3, 2019, changed the disposition of one of her properties from Donna to plaintiff. This disposition differed from the distribution set forth in Tyre's operating agreement.

¶ 7      Ms. Coffman died on September 4, 2021. On April 22, 2022, Donna filed a complaint in chancery court against plaintiff and Homer seeking a declaration as to whether the trust agreement or the operating agreement controlled the distribution of Ms. Coffman's properties. Donna served

subpoenas upon defendants for all their records related to Ms. Coffman and for deposition testimony of certain attorneys, paralegals and clerks.

¶ 8       On August 31, 2023, while Donna's case was pending, plaintiff filed a complaint against defendants alleging legal malpractice. The complaint alleged that defendants breached their standard of care when they drafted amendments to the trust agreement without similarly amending the operating agreement, where both agreements addressed the disposition of the same properties. Plaintiff never caused summons to issue and defendants were not served with the complaint. On January 11, 2024, plaintiff made an oral motion to voluntarily dismiss the complaint pursuant to section 2-1009(a) of the Code of Civil Procedure (Code) (735 ILCS 5/2-1009(a) (West 2024)). The trial court granted the motion to dismiss without prejudice and with leave to reinstate.

¶ 9       On March 28, 2024, the parties entered into a settlement agreement regarding Donna's cause of action. Pursuant to the agreement, Donna's complaint was dismissed with prejudice, and plaintiff was to take all steps necessary to deliver the title and interest in the Iowa property as set forth in the agreement.

¶ 10     On January 6, 2025, plaintiff refiled his legal malpractice complaint. Plaintiff caused summons to issue on January 7, 2025, and on January 22, 2025, defendants were served with the complaint.

¶ 11     On March 6, 2025, defendants filed a motion to dismiss plaintiff's complaint pursuant to Illinois Supreme Court Rule 103(b) (eff. July 1, 2007). Defendants alleged that plaintiff failed to exercise due diligence in obtaining service on them. After briefing by the parties and oral argument, the trial court granted the motion to dismiss with prejudice.

¶ 12     In dismissing the action, the trial court made the following findings: (1) the "overall length of time" used to obtain service on defendants "was 149 countable days or approximately five

months;" (2) plaintiff made no effort during the first 133 countable days to serve defendants; (3) defendants' location was "easily ascertainable," and plaintiff knew their location when he filed the original complaint; (4) there was no evidence defendants knew of the complaint before being served in January 2025; (5) no special circumstances existed that would have affected plaintiff's ability to serve defendants during the pendency of the original action; (6) the statute of limitations commenced no later than September 4, 2021, and expired no later than September 4, 2023; and (7) plaintiff did not exercise reasonable diligence to obtain service on defendants. The trial court further found that

> "plaintiff's failure to serve the defendant was not the result of negligence, inadvertence or inattention. Rather, plaintiff admits that [he] intentionally decided not to serve defendant as a matter of strategic choice given the pendency of the underlying litigation, its uncertain outcome and the relation of the outcome in the underlying case to the viability of this case. While the court understands plaintiff's motivation, the court finds plaintiff was not justified in deliberately withholding service of process and therefore notification of the pending action from defendants \*\*\*. The court finds that the purpose behind Rule 103(b) is to prevent both significant delays in service of process, whether strategic and deliberate, or the result of negligence or inattention. *Segal v. Sacco*, 136 Ill. 2d 282, 286-87 (1990)."

¶ 13    Plaintiff filed this appeal.

¶ 14                                        II. ANALYSIS

¶ 15    Plaintiff first contends that dismissal of his complaint pursuant to Rule 103(b) was improper where the trial court never determined whether defendants were prejudiced by the delay in service. Plaintiff argues that pursuant to *Segal*, dismissal was not justified where defendants "were well aware of the facts and circumstances giving rise to the malpractice allegations," and

- 4 -

thus they were not prejudiced in their ability to investigate the circumstances of their liability while the facts remained accessible.

¶ 16    In *Segal*, the plaintiff filed a complaint alleging assault by deputy sheriffs but did not place the complaint for service until 19 weeks later. *Segal*, 136 Ill. 2d at 284. Plaintiff explained that he had "inadvertently forgot[ten]" to place the summons for service and upon realizing the omission, he moved for leave to appoint a special process server. *Id*. at 287. Our supreme court agreed that dismissal of the action with prejudice was not appropriate where the delay was unintentional, the plaintiff was not undermining or attempting to circumvent the statute of limitations, and there was "no indication" that the 19-week delay caused the evidence "to grow stale." *Id.* at 288. The court held that dismissal under these circumstances would not serve the purposes of Rule 103(b) to protect defendants from unnecessary delays and prevent the circumvention of the statute of limitations. *Id*. at 289.

¶ 17    Our supreme court found that prejudice caused by the delay in service was but one factor for the trial court to consider when deciding whether to dismiss an action under Rule 103(b). Moreover, the fact that a defendant had actual notice of the allegations prior to being served is not sufficient to preclude dismissal where there is evidence of the plaintiff's "obvious lack of diligence." *Womick v. Jackson County Nursing Home*, 137 Ill. 2d 371, 381 (1990); see also *Mular v. Ingram*, 2015 IL App (1st) 142439, ¶ 21 (noting that while the existence of prejudice is a relevant consideration, the lack of prejudice will not preclude dismissal if reasonable diligence has not been shown). Therefore, the trial court's mere failure to find whether defendants were prejudiced by the delay did not render its dismissal order improper.

¶ 18    Plaintiff also contends that, given the totality of the circumstances, he acted with reasonable diligence to serve summons on defendants. Therefore, dismissal pursuant to Rule 103(b) was

inappropriate. The trial court has wide discretion to dismiss a complaint when a plaintiff has not shown reasonable diligence in effecting service, and we review the trial court's determination for an abuse of that discretion. *Segal*, 136 Ill. 2d at 285-86. An abuse of discretion occurs when no reasonable person would take the view adopted by the trial court. *Fennell v. Illinois Central Railroad Co.*, 2012 IL 113812, ¶ 21.

¶ 19    Rule 103(b) provides:

"Dismissal for Lack of Diligence. If the plaintiff fails to exercise reasonable diligence to obtain service on a defendant prior to the expiration of the applicable statute of limitations, the action as to that defendant may be dismissed without prejudice. If the failure to exercise reasonable diligence to obtain service on a defendant occurs after the expiration of the applicable statute of limitations, the dismissal shall be with prejudice as to that defendant only and shall not bar any claim against any other party based on vicarious liability for that dismissed defendant's conduct. The dismissal may be made on the application of any party or on the court's own motion. In considering the exercise of reasonable diligence, the court shall review the totality of the circumstances, including both lack of reasonable diligence in any previous case voluntarily dismissed or dismissed for want of prosecution, and the exercise of reasonable diligence in obtaining service in any case refiled under section 13-217 of the Code of Civil Procedure." Ill. S. Ct. R. 103(b) (eff. July 1, 2007).

¶ 20    By adopting Rule 103(b), our supreme court recognized that due diligence in serving process was essential to the prompt and fair rendering of justice because "it is the sole legally sufficient means of alerting defendants to the pendency of a civil suit." *O'Connell v. St. Francis Hospital*, 112 Ill. 2d 273, 282 (1986). The rule thus requires a plaintiff to exercise reasonable

diligence in obtaining service in order "to protect a defendant from unnecessary delay in the service of process and to prevent the plaintiff from circumventing the applicable statute of limitations, which is designed to afford the defendant a fair opportunity of investigation." *Kole v. Brubaker*, 325 Ill. App. 3d 944, 949 (2001).

¶ 21    In moving for dismissal under Rule 103(b), defendants must first make a *prima facie* showing that plaintiff failed to exercise reasonable diligence in effectuating service after filing suit. *Id.* at 949. Once defendants make that showing, the burden shifts to plaintiff to show that he exercised reasonable diligence. *Id.* at 949–50.

¶ 22    Here, the trial court found that plaintiff filed his original legal malpractice complaint less than a week before the statute of limitations expired on September 4, 2023. It further found that the applicable length of time used to obtain service on defendants was "149 countable days or approximately five months," and that plaintiff made no effort during the first 133 days to serve defendants. Courts have upheld dismissals pursuant to Rule 103(b) where the plaintiff made no effort to serve the defendant for a significant period of time after the statute of limitations had expired. See *Womick*, 137 Ill. 2d at 380 (finding no evidence of diligence where the plaintiff "made no attempt to place summons for a period of almost nine months after the expiration of the statute of limitations"); *O'Connell*, 112 Ill. 2d at 282 (finding a lack of due diligence where the plaintiff filed his complaint on the last day before the statute of limitations expired and waited eight months before attempting service of process). Defendants thus made a *prima facie* showing that plaintiff failed to exercise reasonable diligence, and plaintiff must show that he exercised reasonable diligence given the totality of the circumstances. *Kole*, 325 Ill.App.3d at 949–50.

¶ 23    Factors to consider when ascertaining a plaintiff's diligence include, but are not limited to: (1) the amount of time used to obtain service of process; (2) the activities of plaintiff; (3) plaintiff's

knowledge of defendant's location; (4) whether defendant's location could be ascertained with ease; (5) defendant's actual knowledge of the pendency of the action; (6) special circumstances that would affect plaintiff's efforts; and (7) actual service on defendant. *Case v. Galesburg Cottage Hospital*, 227 Ill. 2d 207, 212-13 (2007). The specific amount of time that has passed is not determinative. "Rather, a court must consider the passage of time in relation to all the other facts and circumstances of each case individually." *Id.* at 213. When a claim is voluntarily dismissed and then refiled, courts do not consider the time that elapsed between the dismissal and the refiling in calculating the amount of time for purposes of Rule 103(b). *Id.* at 222.

¶ 24    The plain language of Rule 103(b) states that dismissal is proper when a plaintiff "fails to exercise reasonable diligence to obtain service on a defendant." Ill. S. Ct. R. 103(b) (eff. July 1, 2007). Rule 103(b) is not concerned with subjective reasons for delaying service. *Lewis v. Dillon*, 352 Ill. App. 3d 512, 518 (2004). Rather, "the standard used in resolving a Rule 103(b) motion is an objective test of reasonable diligence in effecting service." *Id*.

¶ 25    Here, the trial court found that "plaintiff's failure to serve the defendant was not the result of negligence, inadvertence or inattention. Rather, plaintiff admits that [he] intentionally decided not to serve defendant as a matter of strategic choice ***." The record shows that plaintiff intentionally did not serve summons to defendants for 133 days before he voluntarily dismissed the action. He made no effort to effectuate service even though defendants' location was "easily ascertainable," and plaintiff knew of their location when he filed the original complaint. The statute of limitations expired on September 4, 2023. After voluntarily dismissing and then refiling the complaint, plaintiff caused summons to issue on January 7, 2025, and defendants were served on January 22, 2025, sixteen months after the limitations period expired. The trial court found that no special circumstances affected plaintiff's ability to serve defendants during the pendency of the

original action. It therefore concluded that plaintiff did not exercise reasonable diligence to obtain service on defendants.

¶ 26    Plaintiff argues that he had a reasonable explanation for the delay in that he was awaiting the conclusion of ongoing chancery proceedings. Plaintiff contends that he filed the complaint to preserve his cause of action, and after filing, he focused his efforts on the chancery proceeding because if it resolved in his favor, his malpractice complaint would be rendered moot. When it became clear that the chancery case would not "conclude in a reasonable amount of time," plaintiff voluntarily dismissed the malpractice case with a right to refile within a year. Plaintiff contends that he timely refiled the malpractice action on January 6, 2025, and caused summons to issue on January 7, 2025. Defendants were served on January 22, 2025. Plaintiff argues that given the totality of the circumstances, he acted with reasonable diligence to serve summons on defendants.

¶ 27    While plaintiff has provided an explanation for his delay in serving summons, courts have found that the purposes of Rule 103(b) are not well-served when a plaintiff files suit just before the limitations period expired but then "tak[es] no action to have the defendants served until the plaintiff is ready to proceed with the litigation." *Kole*, 325 Ill. App. 3d at 949. Plaintiff argues that the Code gives him the statutory right to extend the statute of limitations by one year through a voluntary dismissal, and he should not be faulted for exercising that right. However, the availability of this statutory right does not relieve plaintiff of his independent duty under Rule 103(b) to exercise diligence in serving defendants in the first place. It is well-established that taking a voluntary dismissal does not insulate plaintiff from any lack of diligence that occurred prior to the dismissal. *Case*, 227 Ill. 2d at 219.

¶ 28    In this case, plaintiff could have timely served defendants and then moved to stay the proceedings pending resolution of the chancery case. He would not have to pursue a potentially

moot claim, and defendants would have been given a fair opportunity to investigate the claim or any defenses they may have. Instead, plaintiff filed the malpractice claim against defendants, intentionally chose not to serve them, and then voluntarily dismissed the action after four months. He refiled the action approximately one year later, and nine months after the parties settled in the chancery case. Defendants did not know that plaintiff had filed a malpractice claim against them until they were served on the refiled complaint, sixteen months after the statute of limitations had expired. In assessing a plaintiff's diligence, courts may consider the "overall span of time between the filing of the first complaint and the ultimate service of summons in the second case." *Case*, 227 Ill. 2d at 214. The trial court found that plaintiff failed to exercise reasonable diligence to obtain service on defendants. Considering the totality of the circumstances, we cannot say that the trial court's determination was so arbitrary or unreasonable that no reasonable person would adopt the trial court's view. We find that the trial court did not abuse its discretion in dismissing plaintiff's complaint under Rule 103(b).

¶ 29                                III. CONCLUSION

¶ 30    For the foregoing reasons, we affirm the judgment of the circuit court.

¶ 31    Affirmed.